Marcia A. Schuerch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Thomas A. Beckley,* with him *Jeffrey W. Davis, Beckley & Madden,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 3, 1983:

Marcia Schuerch, a waitress formerly employed by the Gondolier Restaurant in Johnstown, Pennsylvania, was discharged from her employment following an employee Christmas party during which Ms. Schuerch was found to be in the company of a group of employees and their guests then consuming marijuana in a ladies lavatory. Ms. Schuerch appeals from the denial of her claim for unemployment compensation benefits.

On this appeal the claimant primarily argues that she was not advised by the unemployment compensation authorities of her right to be represented by counsel at the hearing, to cross-examine adverse witnesses and to offer witnesses in her behalf. This failure, if prejudicial, requires a remand for a new hearing. *Unemployment Compensation Board of Review v. Ceja,* 493 Pa. 588, 427 A.2d 631 (1981); *Robinson v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 275, 431 A.2d 378 (1981); *Katz v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 427, 430 A.2d 354 (1981).

The Board of Review contends that the claimant was not prejudiced by the failure of the hearing examiner to advise her of her rights and, therefore, that this failure was harmless error. We disagree. The evidence against the claimant was entirely circumstantial and she has consistently maintained her innocence of any unlawful or prohibited conduct. Nevertheless, during the course of the hearing the claimant did not cross-examine any of the witnesses against her. Ad-

ditionally, a fellow employee of the claimant accompanying her at the hearing was sworn and testified without the guidance of direct examination that she knew the claimant and that she knew that the claimant never used marijuana. Due to the lack of direct or cross-examination of this witness, it is at best unclear whether she had any direct knowledge of Ms. Schuerch's conduct at the Christmas party.

For these reasons, we do not believe that the failure to advise the claimant of her rights was without prejudicial effect in this proceeding and we are constrained to reverse the order of the Board and to remand the matter for a new evidentiary hearing at which Ms. Schuerch, if then uncounseled, shall be notified of her right to have counsel, to cross-examine adverse witnesses and to offer and examine witnesses on her behalf.

Order reversed; record remanded.

### Order

And Now, this 3rd day of January, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for further proceedings consistent with this opinion.