Raymond Pierandozzi, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs December 12, 1985, before Judges MacPhail and Doyle, and Senior Judge Kalish, sitting as a panel of three.

*Allen W. Toadvine, Marte and Toadvine,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, January 15, 1986:

This is an appeal by Raymond Pierandozzi (Licensee) from an order of the Court of Common Pleas of Bucks County dismissing Licensee's appeal of a six month suspension of his operating privileges issued by the Department of Transportation (DOT) because of Licensee's failure to submit to a breathalyzer test (test) pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

On appeal Licensee concedes that DOT has proven its prima facie case, *i.e.,* Licensee's arrest, a request by the arresting officer to take the test, Licensee's refusal, and the appropriate warning of the consequences (license suspension or revocation) entailed by

such refusal. *See Capozzoli Appeal*, 63 Pa. Common-wealth Ct. 411, 412, 437 A.2d 1340, 1340 (1981). Consequently Licensee argues only that he was incapable of making a knowing and conscious refusal to take the test because he had hit his head during an automobile accident occurring prior to his arrest.

Whether a licensee knowingly refused to submit to the test is a question of fact. *Department of Transportation, Bureau of Traffic Safety v. Dauer*, 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). The burden to prove that the licensee was incapable of making a knowing and conscious refusal is upon him, *id.*, and where competent evidence supports the opinion of the trial court its decision must be upheld. *McMahon v. Commonwealth*, 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

The trial court found credible the testimony of the arresting officer who maintained, according to the trial court, ''that defendant's behavior was fine in that he talked to the patrolman, gave him no problems and appeared conscious.'' There is substantial evidence of record to support this finding. Licensee testified only that he does not recall much of what happened on the night of the accident.

In cases where a Licensee has sustained injuries but does not suffer from an obvious inability to comply with the request to be tested, we have held that competent medical evidence is necessary for a Licensee to sustain his burden that he could not make a knowing and conscious refusal to take the test. *Department of Transportation, Bureau of Traffic Safety v. Michalec*, 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980). Licensee here offered no such testimony. As we stated in *Dauer*, another head injury case where the driver asserted that he was incapable of making a knowing and conscious decision:

218

[N]o medical testimony as to whether [Dauer] suffered a concussion or as to what effects a severe blow to [Dauer's] head would have had on him was introduced. We note that a driver's simple declaration that he is physically unable to perform a chemical test, without support of medical proof of incapacity, will not justify a refusal.

*Id.* at 574-75, 416 A.2d at 115.

The decision of the trial court is affirmed.

### ORDER

Now, January 15, 1986, the decision of the Court of Common Pleas of Bucks County in No. 82-4357-11-6 is hereby affirmed.

Judge KALISH concurs in the result only.