521 A.2d 59

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Warren Joseph Cassidy, Appellee.

Argued December 8, 1986, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Robert P. Corbin,* with him, *Thomas E. Butler, Jr.,* and *Edward J. Stolarski, Jr., German, Gallagher & Murtagh,* for appellee.

Opinion by Judge Colins, February 10, 1987:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals a Chester County Common Pleas

Court order reversing a one-year license suspension imposed upon Warren Joseph Cassidy (appellee) for refusing to submit to a breathalyzer test in violation of Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b). We reverse.[1]

Before the trial court, a police officer testifed that she investigated a possible disturbance at Denny's Restaurant and, in so doing, observed appellee sitting at the counter. Appellee appeared intoxicated, his eyes were bloodshot, his speech was slurred, and he was unsteady in his seat. The officer offered to drive appellee home, but he declined the offer, claiming that someone was going to pick him up. The officer then instructed appellee not to drive himself because she felt that he was intoxicated. Shortly after the officer departed from the restaurant, she observed appellee walk over to a vehicle, enter the vehicle, and proceed to pull out from the parking lot. Appellee was pulled over and placed under arrest after an unsatisfactory performance in several field sobriety tests. He was transported to the Tredyffrin Township Police Department and was requested to submit to a breathalyzer test. He was also requested, alternatively, to submit to a blood or urine test. Several officers carefully explained to appellee, over a twenty-minute period, that a refusal to submit to chemical testing would result in an automatic suspension of his driver's license. Appellee refused to submit to testing in spite of the officers' repeated attempts to convince him. The arresting officer testified that appellee simply seemed not to believe that he would actually lose his license, and at one point, appellee was

---

[1] Our scope of review of a common pleas court decision in a license suspension case is limited to determining whether the court made findings of fact unsupported by substantial evidence, committed an error of law, or abused its discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

even presented with a copy of the statute itself. Nevertheless, appellee continued to refuse to submit to any chemical test.

At trial, appellee took the stand on his own behalf and testified that on the evening in question, he had taken one Regroton tablet, a blood pressure medication that he had been taking for ten years. He further testified that he had consumed four glasses of wine and a glass of brandy around dinnertime. Although appellee recalled the officer's asking to drive him home, and recalled being stopped by the officer, he claimed a memory lapse concerning the events at the station. Specifically, appellee recalled refusing to submit to the test, but did not recall being warned that his license would automatically be suspended, although he did remember a sergeant saying something to the effect that his license could be suspended. The trial judge, Honorable ROBERT GAWTHROP, of the Court of Common Pleas of Chester County, held that he believed that appellee was unable to consciously refuse or consent to take the test as a result of an incapacity that he suffered due to the combination of his blood pressure medication and his consumption of alcohol.

On appeal, DOT contends that Judge GAWTHROP erred in concluding that appellee had met his burden of demonstrating that his refusal to submit to a chemical test was not knowing and conscious due to the unforeseeable effect of the combination of alcohol and blood pressure medication. We agree.

Where the Commonwealth has proven that a driver has failed to submit to an alcohol test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test, or not capable of making a knowing or conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri*, 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986). Al-

though the evidence indicates that appellee was, indeed, disoriented and confused, the evidence was not sufficient to indicate that he was unable to make a knowing and conscious refusal. This Court has previously stated:

> [N]o medical testimony as to whether appellee suffered a concussion or as to what effects a severe blow to appellee's head would have had on him was introduced. We note that a driver's simple declaration that he is physically unable to perform a chemical test, without supportive medical proof of his incapacity, will not justify a refusal.

*Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 574-575, 416 A.2d 113, 115 (1980) (citations omitted.) Therefore, in accordance with *Struzzeri* and *Dauer,* appellee's incapacity defense must be supported by competent medical evidence since he suffered no obvious disability.

The trial court held that in this case medical evidence was unnecessary because it believed that appellee had lawfully been prescribed the Regroton and had not been warned not to take the drug in combination with alcohol, and because it took judicial notice of the side effects of Regroton reported in the *Physicians' Desk Reference.* The trial court stated:

> The Physicians [sic] Desk Reference tells us that Regroton, the controlled substance for which the petitioner is lawfully prescribed, and alcohol, can indeed bring on orthostatic hypertension [sic] or relaxation of the arteries, when chlorthalidone, one of the principal components of Regroton, is combined with alcohol. Relaxation of the arteries has been found to have a devastating effect upon an individual's equilibrium, rendering one unbalanced, inexorably somno-

lent and dizzy. Those were the symptoms visited upon Mr. Cassidy, the petitioner at bar.

We will not carve out an exception to the requirement that an incapacity defense be supported by competent medical evidence, in cases where the trial judge is willing to take judicial notice of a drug's side effects listed in the *Physicians' Desk Reference*. The trial court ostensibly relied on the authority of *Savoy v. Beneficial Consumer Discount Co.*, 503 Pa. 74, 468 A.2d 465 (1983), a case which involved a court's taking judicial notice of the value of a car listed in the Redbook. Clearly, the instant matter is totally inapposite. Furthermore, the trial court erred in citing *Savoy* as authority since the holding of the Supreme Court was that the trial court had erred in taking judicial notice of the Redbook value. The court continued, stating that judicial notice may be taken only of matters of common knowledge, of facts which are " 'so well known as to be incontestable.' " *Id.* at 79, 468 A.2d at 468 *quoting Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 574, 582-83, 33 A.2d 244, 249 (1943).

However, assuming arguendo that judicial notice of the side effects of a prescription compound could be properly taken from the *Physicians' Desk Reference,* the trial court, in the instant matter, made its own medical diagnosis. This is uniquely the province of a physician or other properly-qualified expert witness. The conclusion that alcohol and Regroton can "indeed bring on orthostatic hypertension or relaxation of the arteries . . ." must be supported by competent expert testimony. Assuming further that this testimony were to be supplied, it would still require a medical diagnosis to determine that the symptoms from which the driver was allegedly suffering were, in fact, caused by ingestion of the prescribed substance.

The trial court's reliance upon the *Physicians' Desk Reference,* as well as its own medical opinion as to the effects of relaxation of the arteries, is simply not in accordance with the law. " 'Judicial notice is intended, *inter alia,* to avoid the necessity of formally introducing evidence in those limited circumstances where the fact sought to be proved is so well known in the jurisdiction that evidence in support thereof is unnecessary.' " *Petro v. Kennedy Township Board of Commissioners,* 49 Pa. Commonwealth Ct. 305, 310-11, 411 A.2d 849, 852 (1980), *quoting Wells v. Pittsburgh Board of Public Education,* 71 Pa. Commonwealth Ct. 1, 5, 374 A.2d 1009, 1011 (1977). The side effects of Regroton and the causes and effects of relaxation of the arteries are certainly not matters of common knowledge and, therefore, are not proper objects of judicial notice.

Since appellee was required to produce competent medical testimony in order to support his incapacity defense, and he produced none, the trial court erred in sustaining the appeal.

Accordingly, we reverse the decision of the Court of Common Pleas and reinstate the one-year license suspension.

## ORDER

AND NOW, this 10th day of February, 1987, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby reversed and the one year suspension of appellee's driving privileges is reinstated.

Senior Judge KALISH concurs in the result only.