531 A.2d 844

Gerald J. Larkin, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs June 9, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Steven R. Geroff, Geroff and Mittelman,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, September 30, 1987:

Gerald Larkin (appellant) appeals an order of the Court of Common Pleas of Delaware County which dismissed his appeal from a one year license suspension imposed by the Department of Transportation (DOT) upon his refusal to submit to a breathalyzer test in accordance with Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

There is no dispute in the instant matter that DOT presented sufficient proof of the legal elements required to sustain the suspension.[1] The controversy centers upon appellant's motivation in refusing to submit to the requested breathalyzer test. Appellant testified before the Common Pleas Court that he refused the test because he suffered from a neurological disorder known as Guillian-Barre Syndrome and had been advised by his physician to avoid strenuous activity. He also proffered

---

[1] Under Section 1547(b) of the Vehicle Code, DOT bears the burden of proving that the motorist (1) was placed under arrest for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal to do so would result in the suspension of his driver's license. *Wheatley v. Department of Transportation,* 104 Pa. Commonwealth Ct. 171, 172, 521 A.2d 507, 508 (1987).

the deposition testimony of his physician,[2] admitted into evidence without objection of counsel, who therein reiterated the recommended restrictions on strenuous activity. and commented upon the decreased respiratory capacity associated with the disease in its acute stages, the dangers of which, he submitted, appellant was well aware.

Appellant also testified that he informed the police officer of his medical problem and would have submitted to a chemical testing of his blood or urine had these alternative tests been offered. This police officer denied that appellant had revealed his physical incapacity, indicated that any such incapacity was not apparent and stated that alternative tests were available had appellant so requested.

Noting that appellant admitted reading a form delineating the required testing of blood, breath or urine, the trial court imposed upon him the duty of advising the police of his inability to submit to one of the tests and held that his failure to request an alternative to the breathalyzer where no such incapacity was readily observable constituted a violation of law. Moreover, the trial court concluded that, while appellant suffered a respiratory disease, he "lacked any medical proof that his disease precluded his taking the breath test."

Where, as here, the Commonwealth has proven that a driver has failed to submit to an alcohol test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing or conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Cassidy*, 103 Pa. Commonwealth Ct. 582, 521 A.2d 59

---

[2] Appellant's treating physician, a neurologist, defined Guillian-Barre Syndrome as a disease affecting the peripheral nerves and which produces symptoms of weakness in the upper and lower extremities.

(1987), *citing Department of Transportation, Bureau of Traffic Safety v. Struzzeri,* 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986). Where no obvious inability is apparent, a finding that the driver was unable to take the test must be supported by competent medical evidence. *See Struzzeri.* Whether a driver has satisfied this burden is a factual determination to be made by the trial court. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982). Our scope of review in cases of this nature is to determine whether the findings of fact are supported by competent evidence and whether errors of law have been committed. *Department of Transportation, Bureau of Traffic Safety v. Gordon,* 95 Pa. Commonwealth Ct. 546, 505 A.2d 1125 (1986). The trial court here concluded that appellant neither informed the police officer of any medical problem nor requested an alternative to the breath test. It further determined that the medical evidence proffered by appellant did not warrant his refusal. We will not second guess those conclusions. Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not this Court. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984).

We reject appellant's contention that the implied consent form[3] read to him by the arresting officer, and which he admitted reading, was misleading or misstated the applicable law so as to preclude DOT's suspension of his license by a theory of estoppel.

---

[3] The implied consent form read as follows:
You have been arrested for violation of the Pennsylvania Motor Vehicle Code 3731, operating a motor vehicle while under the influence of intoxicating liquor or drugs. You are required under Pennsylvania's implied consent law to submit to one or more tests of your breath, urine, or blood to determine the identity and/or concentration of alcohol

Moreover, appellant's self-serving statement of his willingness to submit to blood or urine testing after his failure to advise the police of a physical incapacity to perform the breathalyzer test is specious. Under the instant circumstances, the trial court properly imposed upon appellant the duty of advising the police of any medical problem not reasonably ascertainable.[4] The police are not omniscient. Stating the obvious, they have no means of discerning a nonapparent disability absent a communication by the motorist.

Accordingly, the order of the Court of Common Pleas of Delaware County is affirmed.

## ORDER

AND NOW, September 30, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

---

or controlled substances. Upon your request, a copy of the test results will be given to you. You have no legal right to consult an attorney, physician, or anyone else before you take the breath test. After you take the required breath test, you have the right to have samples taken and chemical tests of your breath, urine or blood made by a person or physician of your choice. A refusal to submit to one or more of the above tests will result in the suspension of your operating privileges for twelve months. . . . Refusal to submit to testing of your breath, urine or blood, is admissible as evidence in any proceeding relating to Pennsylvania Motor Vehicle Code 3731. I repeat, you are required by law to take the breath test. Now, will you take the breath test?

[4] We note with approval the trial court's statement that: "[t]his is not to say that if a person suffers an apparent injury to the mouth he must point this out to the police. However, as here, when the police cannot usually ascertain a medical problem, the defendant [appellant] has the duty to advise them of his problem."