532 A.2d 935

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Richard Rogers, Appellee.

454

Submitted on briefs April 23, 1987, to Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

*John H. Klemeyer,* with him, *Karl A. Wagner, Jr., Beecher, Wagner, Rose and Klemeyer,* for appellee.

OPINION BY JUDGE DOYLE, October 27, 1987:

This is an appeal by the Pennsylvania Department of Transportation (DOT) from an order of the Court of Common Pleas of Pike County, which directed DOT to reinstate the driving privileges of Richard Rogers (Ap-

pellee). DOT had suspended Appellee's operating privileges for one year after receiving a police affidavit indicating that Appellee had refused to submit to a chemical blood-alcohol examination pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547.

The trial court found as follows: Appellee was involved in a multi-vehicle accident on October 13, 1984. At the accident scene, a state police officer noted that Appellee exuded "a strong odor of alcohol" and that he had difficulty producing his driver's license and automobile registration upon request. After being taken by ambulance to a hospital, Appellee was advised of his rights and placed under arrest for driving under the influence of alcohol and reckless driving. Appellee then consented to a chemical blood-alcohol test to be administered by hospital technicians. After two unsuccessful attempts to withdraw a sample, and before a third attempt could be administered, a companion of Appellee arrived and advised him repeatedly to refuse to permit the test. Thereafter, Appellee withdrew his consent and continued to withhold his consent even after the consequences of such a refusal had been explained to him by the state trooper. Appellee remained steadfast in his refusal when the state trooper later returned to clarify his explanation of the consequences of a refusal. The trial court found that Appellee's refusal was not knowing and conscious. Accordingly, the court reversed DOT's order suspending Appellee's operating privileges.

The issue before us on appeal is whether there was competent evidence in support of the determination that Appellee's refusal to submit to a chemical blood-alcohol test was not knowing and conscious.

Our scope of review where the trial court has reversed a license suspension for refusal to submit to a chemical blood-alcohol test is limited to determining whether the findings of that court are supported by

competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Wheatley v. Department of Transportation,* 104 Pa. Commonwealth Ct. 171, 521 A.2d 507 (1987). Whether the motorist has carried the burden of showing incapacity to make a knowing and conscious refusal is a question of fact for the fact finder. *Department of Transportation, Bureau of Traffic Safety v. Day,* 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985).

In this case, it is undisputed that the Commonwealth has met its initial burden for sustaining a license suspension under Section 1547.[1] The Commonwealth having met its burden, the burden then shifts to the motorist, Appellee Rogers, to show by competent evidence that he was physically unable to take the test, or that he was not capable of making a knowing or conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Cassidy,* 103 Pa. Commonwealth Ct. 582, 521 A.2d 59 (1987) (citing *Department of Transportation, Bureau of Traffic Safety v. Struzzeri,* 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986)). The trial court found that Rogers' refusal "was probably not knowingly and consciously made due to . . . apparently confusing and strained circumstances." This finding is not supported by competent evidence.

At trial, Appellee did not present *any* medical evidence in support of his refusal. Although competent

---

[1] Under §1547(b) of the Vehicle Code, the Commonwealth must establish that the driver involved "(1) was arrested for driving while under the influence of alcohol, (2) was requested to submit to a [chemical blood-alcohol test], (3) refused to submit to such a test, and (4) was specifically warned that a refusal would result in the revocation of his driver's license." *Wheatley v. Department of Transportation,* 104 Pa. Commonwealth Ct. 171, 172, 521 A.2d 507, 508 (1987).

medical evidence is not an intrinsic element of Appellee's burden of proof, *Day*, it *is* required in certain fact situations, including such as those which appear on the record before us, to show the incapacity to make a knowing and conscious refusal. Without competent medical evidence, Appellee's self-serving statements of his physical condition were insufficient to support an incapacity defense. *See Department of Transportation, Bureau of Driver Licensing v. Norton*, 103 Pa. Commonwealth Ct. 78, 519 A.2d 1085 (1987). Because Appellee's alleged mental incoherence could have resulted as likely from intoxication as from some other cause, competent medical evidence was needed in order for Appellee to sustain his burden. Moreover, it is well-settled that incoherence and confusion, taken alone, will not support an incapacity defense, absent an obvious disability and absent correlative competent medical evidence as to the source or medical reason for such a state. *Cassidy.* Additionally, the need for supporting medical evidence in this case is undiminished by testimony as to the injuries that were apparent,[2] because Appellee suffered from no obvious inability to comply with the state trooper's request that he submit to a blood-alcohol test; in fact, he gave his consent twice before he refused. These actions alone would have been sufficient to negate any apparent inability to

---

[2] The state trooper testified that Appellee had a severely lacerated lip, that "his face was all blood," and that he seemed to be in a stupor, rambling incoherently. N.T. 9, 10. These injuries are very similar to, if even a little less severe than those in *Department of Transportation, Bureau of Traffic Safety v. Gordon*, 95 Pa. Commonwealth Ct. 546, 505 A.2d 1125 (1986), in which we reinstated DOT's suspension order, holding that the finding of incapacity to make a knowing and conscious refusal was not supported by competent evidence.

458

make a knowing and conscious refusal.[3] *Department of Transportation, Bureau of Driver Licensing v. LaSalle,* 102 Pa. Commonwealth Ct. 422, 520 A.2d 131 (1987).

We conclude, therefore, that there was no competent evidence upon which a finding of the incapacity to make a knowing and conscious refusal could be based and, accordingly, the trial court's order is reversed and DOT's suspension order reinstated.

ORDER

Now, October 27, 1987, the order of the Court of Common Pleas of Pike County in the above-captioned matter is hereby reversed and the Department of Transportation's suspension order is reinstated.

---

[3] Specifically, the actions referred to are these: After initially consenting to submit to a chemical blood-alcohol test, Appellee signed a hospital release form. Appellee underwent two attempts to administer the test, without objection. After withdrawing his consent based on a companion's advice, Appellee responded coherently, yes or no, to all questions put to him by the state trooper. N.T. 8, 9.