544 A.2d 1132

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Melvin R. Derhammer, Appellee.

Submitted on briefs June 7, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold Cramer,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, August 3, 1988:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Luzerne County (trial court) which sustained the appeal of Melvin R. Derhammer (Appellee) and reversed a one-year suspension of his motor vehicle operating privileges. We reverse.

On March 23, 1986, Appellee was involved in a one-vehicle accident in Kingston Township, Luzerne County. Appellee was injured in the accident[1] and was trapped in the vehicle for nearly an hour before being extricated. Appellee was loud and boisterous and physically resisted the attempts of rescue personnel. Appellee was transported to the hospital for treatment in the "trauma" room when, following a test of his blood, he

---

[1] Appellee's injuries consisted of sore legs, a broken arm and numerous bruises on his left side. Record at 18, 19.

first became aware of a diabetic condition. While in the "trauma room," police officers asked Appellee to submit to a blood alcohol test. Appellee refused to submit to the test each of the four times he was asked. As a result of this refusal, DOT suspended Appellee's operating privileges for one year pursuant to section 1547 of the Vehicle Code, *as amended*, 75 Pa. C. S. §1547[2]. Appellee has no recollection of the accident or his refusal to take the blood alcohol test.

Appellee appealed the suspension to the trial court which held that he was not physically able to make a conscious and knowing refusal to submit to the test. The trial court sustained the appeal and reversed the suspension. DOT appeals to this court[3] contending that there is no competent evidence to support the trial court's findings.

There is no dispute that DOT presented sufficient proof of the legal elements required to sustain the suspension.[4] Therefore, Appellee has the burden of proving

[2] Section 1547(b)(1) in pertinent part provides:
If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

[3] Our scope of review in cases of this nature is limited to a determination of whether findings of fact are supported by competent evidence, errors of law have been committed or the common pleas court's decision demonstrates a manifest abuse of discretion. *Lewis v. Commonwealth*, 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988).

[4] DOT bears the burden of proving that the driver: (1) was placed under arrest for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; (4) was warned that his license would be suspended if he refused to take the test. *Department of Transportation, Bureau of Traffic Safety v. Gordon*, 95 Pa. Commonwealth Ct. 546, 505 A.2d 1125 (1986).

that he was physically incapable of making a knowing and conscious refusal. *Schnitzer v. Commonwealth*, 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984). In cases where a licensee has sustained injuries but does not suffer from an obvious inability to comply with the request to be tested, competent medical testimony that a knowing and conscious refusal could not be made is required to meet the licensee's burden of proof. *Pierandozzi v. Commonwealth*, 94 Pa. Commonwealth Ct. 215, 503 A.2d 486 (1986). *See Department of Transportation, Bureau of Traffic Safety v. Michalec*, 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980).

The trial court found that Appellee was suffering from traumatic injuries, was a diabetic, was acting in a boisterous manner and was *obviously* unable to knowingly and consciously refuse or assent to a blood test. Because of this, the trial court held that Appellee did not have to prove by medical testimony a nexus between his injuries and an inability to make a knowing and conscious refusal.[5] After reviewing the record, we

---

[5] Appellee relies upon *Department of Transportation, Bureau of Traffic Safety v. Day*, 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985) where this court held that a driver who suffered a broken jaw, severe facial lacerations, a broken arm, and injured leg, and blows to the back of the head, as proven by medical testimony, did not have to prove by medical testimony that his injuries resulted in rambling speech, confusion, and memory loss and thereby rendered him incapable of making a conscious and knowing refusal. *Day* is clearly inapposite to the case at bar. Here, no medical testimony was offered to support Appellee's claim of injuries and diabetes. There is no testimony that Appellee was incoherent when he refused the test but only that he was loud and boisterous. Because Appellee's boisterousness could have resulted as likely from intoxication as from any other cause, competent medical testimony was needed to sustain his burden. *See Department of Transportation, Bureau of Driver Licensing v. Rogers*, 110 Pa. Commonwealth Ct. 453, 532 A.2d 935 (1987).

find that trial court's finding that Appellee was obviously incapable of making a knowing and conscious refusal is not supported by competent evidence.

The record reveals that both police officers involved testified that Appellee was conscious and appeared to understand the consequences of his refusal.[6] Appellee contends only that he does not remember refusing a blood alcohol test. The only testimony here that could support the trial court's finding comes from the police officers who noted Appellee's uncooperative and boisterous behavior and Appellee's own testimony as to the severity of his injuries. One officer, noting that he did not realize until the preliminary hearing that Appellee had a high blood sugar count and diabetes at the time of the blood test refusal, testified as follows:

> When you are a diabetic and you have a blood sugar that high, your Honor, your breath will, and can, smell like you have been out drinking, you can become very argumentative and you can fight. I know what it's like. I have been a diabetic for ten years now and I do know what that fact is [.]

Record at 11, 12.

The trial court relied upon this testimony, along with Appellee's own testimony concerning the severity of his injuries, to show that Appellee obviously could not knowingly and consciously refuse or assent to a blood alcohol test. A diabetic police officer's testimony concerning the effects of a high sugar level on a diabetic is not competent evidence to support the trial court's finding. *See Department of Transportation, Bureau of Traffic Safety v. Cassidy*, 103 Pa. Commonwealth Ct. 582, 521 A.2d 59 (1987) (medical testimony is required to prove the effects of blood pressure medication when

---

[6] Record at 4, 5, and 13.

combined with alcohol and failure to so provide is insufficient to carry the burden of proving an unconscious and unknowing refusal to take a blood alcohol test).

Also, the injuries suffered by Appellee were not the sort to make it obvious that he was unable to make a conscious and knowing refusal. His own testimony merely shows that he was in pain from a broken arm, bruises, and sore legs. There is no testimony that Appellee suffered any head injury that would make incapacity to make a knowing and conscious refusal obvious. The fact that Appellee's injuries were visible does not relieve him of the need to introduce medical testimony to show those injuries could impair his ability to give a knowing and conscious refusal. *Department of Transportation, Bureau of Driver Licensing v. Rogers,* 110 Pa. Commonwealth Ct. 453, 532 A.2d 935 (1987). Appellee suffered from no obvious inability to comply with the police officer's request that he submit to a blood alcohol test. Therefore, Appellee is required to show by competent medical testimony a nexus between his injuries and diabetes with his alleged inability to give a knowing and conscious refusal. *See Pierandozzi.*

Because Appellee was required to produce medical evidence to prove a nexus between the injuries he sustained and an inability to give a knowing and conscious refusal and he produced none, the trial court's finding is not supported by competent evidence. Accordingly, the trial court's order is reversed and the suspension entered by DOT is reinstated.

## Order

AND Now, August 3, 1988, the order of the Court of Common Pleas of Luzerne County in the above captioned case is reversed and the suspension imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.