605 A.2d 454

**Matthew Edward HELSEL, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 24, 1992.

Decided March 10, 1992.

Joseph B. Policicchio, for appellant.

William A. Kuhar, Jr., Kathryn Linn–Stevenson and Timothy P. Wile, for appellee.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Matthew Edward Helsel (Licensee) from an order of the Court of Common Pleas of Erie County which upheld the action of the Department of Transportation (DOT), in suspending Licensee's operating privileges for one year for refusal to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).

The relevant facts in this case were highly disputed. The trial court, however, resolved credibility matters in favor of the arresting officer and thus upheld DOT's suspension. In summary it determined that the police officer had observed Licensee exit his vehicle and stagger towards him. Licensee had a strong odor of alcohol about him. Accordingly, the officer asked him to submit to field sobriety tests which he failed. Licensee was then placed under arrest, advised of his constitutional rights under *Miranda* [1] and informed that his failure to consent to chemical testing would result in the suspension of his license for one year. Nonetheless, he refused to submit to testing.

Without going into detail, suffice it to say that Licensee's version of the incident differed markedly from that of the officer. Normally, in such a situation, the trial court would make a credibility determination and this Court would hold that credibility is within the trial court's province and de-

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

cline to reverse on a credibility matter. *See e.g., Eckrote v. Department of Transportation, Bureau of Traffic Safety,* 115 Pa.Commonwealth Ct. 18, 539 A.2d 500 (1988). This case, however, presents a unique factual situation. Because of the extremely diverse testimony on the critical issues, the trial court declared that someone was committing perjury. Further, Licensee presented evidence which, if believed, might have indicated a personal bias against him on the part of the officer. This evidence consisted of statements that the officer was friends with and had been dating a woman who was a friend of Licensee's ex-girlfriend. There was also testimony that the ex-girlfriend had stated that she had a friend who was dating a police officer and she (the ex-girlfriend) was going to "get" Licensee. Further evidence was presented that Licensee and his ex-girlfriend had been involved in an altercation where the ex-girlfriend allegedly struck Licensee with her arm (which was then in a cast) injuring him. The ex-girlfriend then apparently filed a report with the police indicating that *Licensee had struck her.* The officer who was called upon to investigate the matter was also the arresting officer in this case.

Because of the vastly divergent testimony, the trial court declared that it was going to request that the district attorney's office investigate the matter of possible perjury. The hearing was then continued. At the second hearing, the trial court mentioned that it had received the results of the district attorney's investigation and concluded that the officer had no motive to lie. The trial court *then* resolved credibility in favor of the Commonwealth and sustained DOT's action. This appeal ensued.

On appeal we are asked to decide whether the trial court committed error or abused its discretion when it made its credibility determination based on a district attorney's investigation of the officer's relationship with Licensee's ex-girlfriend's friend. We note first that while there was no direct objection to the use of the district attorney's investigation based on hearsay, during a colloquy between the

court and counsel for Licensee, counsel did indicate that he was handicapped because he was unable to cross examine anyone of the basis of the report. N.T. 53–54, Hearing of April 30, 1990. The trial court responded to this statement with the words "I understand." N.T. 54. The court, however, was adamant that it intended to pursue fully any perjury it discovered. We believe that counsel's statement was sufficient to advise the trial court of Licensee's position that a due process problem existed.

While we applaud wholeheartedly the trial court's pursuit of truth and its refusal to take the matter of perjury lightly, we cannot conclude that the procedure followed here was fair. It is clear that the trial court resolved a critical credibility question based upon an investigation which was conducted *de hors* the scope of this trial. Under the precepts of due process, however, which require notice and an opportunity to be heard,[2] it was obliged to make its determination solely on evidence of record. *Murphy v. Department of Education,* 74 Pa.Commonwealth Ct. 499, 460 A.2d 398 (1983) (due process before administrative agencies requires that cross-examination be afforded where credibility is an issue); *Wells v. Pittsburgh Board of Public Education,* 31 Pa.Commonwealth Ct. 1, 374 A.2d 1009 (1977) (certain procedural errors including lack of opportunity for cross-examination constituted denial of due process).

Certainly the district attorney's report could have been made part of the record and the findings of fact contained therein established by some competent witness. Further, while counsel for DOT reserved the right to subpoena the ex-girlfriend's friend, that individual was apparently never subpoenaed. In any event, she did not testify at the continued hearing. These points serve to demonstrate that there were ways in which the credibility or motives of the officer and Licensee could have been explored within the confines of the hearing. Unfortunately, that was not done. Be-

2. *See generally, Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 515 A.2d 351 (1986), *petition for allowance of appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987).

cause matters *de hors* the record were considered, we are obliged to vacate the trial court's order and remand this case for a new decision absent consideration of the tainted evidence.

Vacated and remanded.[3]

### ORDER

NOW, March 10, 1992, the order of the Court of Common Pleas of Erie County in the above-captioned matter is hereby vacated. This case is remanded for a credibility determination to be made on the presently existing record absent consideration of the tainted evidence.

Jurisdiction relinquished.

---

**3.** Licensee also argues that DOT did not meet its burden of proof as a matter of law. DOT was required to prove that Licensee was placed under arrest for driving under the influence, was requested to submit to chemical testing to determine his blood alcohol content, refused to do so, and was specifically told that his refusal would result in the suspension of his operating privileges. *Larkin v. Commonwealth,* 109 Pa.Commonwealth Ct. 611, 612 n. 1, 531 A.2d 844, 845 n. 1 (1987). We hold that should the officer's testimony be deemed credible on remand, DOT has met its burden under *Larkin* as a matter of law.