621 A.2d 1170

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION

v.

John Robert MORRIS, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1992.

Decided Feb. 18, 1993.

Smith, J., dissented.

Francis M. Socha, for appellant.

David R. White, Asst. Counsel, Appellate Section, for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

John Robert Morris (Morris) appeals from an order of the Court of Common Pleas of Perry County (trial court) which denied Morris' appeal of a one-year suspension of his operating privileges by the Department of Transportation, Bureau of Driver Licensing (department) for refusal to submit to a breathalyzer test pursuant to section 1547 of the Vehicle Code (Code), 75 Pa.C.S. § 1547. We reverse.

The relevant facts are as follows. On the evening of March 1, 1991, Officer Gino Santamaria (Santamaria) pursued and

eventually forced off the road the automobile operated by Morris for suspicion of driving while intoxicated. Santamaria noticed a strong odor of alcohol on Morris' breath and requested that he submit to a field sobriety test. After performing four tests unsatisfactorily, Morris was placed under arrest for driving under the influence and taken to the Pennsylvania State Police barracks for administration of the breathalyzer test.

At the barracks, Morris refused to submit to the test. Morris testified that he told the officers he suffered from an asthmatic condition which he believed would make it impossible to supply a sufficient breath sample. Morris further testified that he requested the permission of the officers to use his prescription inhaler prior to taking the test, but his request was denied. Morris also testified that he agreed to submit to either a urine or blood test, but that this request was also denied by the responsible officers.

The department notified Morris that his operating privileges were suspended pursuant to section 1547(b) of the Code as a result of his refusal to submit to chemical alcohol testing. Morris appealed his suspension to the trial court where a hearing *de novo* was held on November 13, 1991. The trial court entered an order on January 22, 1992, which sustained the department's suspension of Morris' license. It is from that order that Morris now appeals to this court.

■ Our scope of review in driver's license suspension cases is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether there was a manifest abuse of discretion. *Wheatley v. Department of Transportation*, 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987).

■ To sustain a license suspension under section 1547(b) of the Code, the department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a

license suspension. *Larkin v. Commonwealth,* 109 Pa.Commonwealth Ct. 611, 531 A.2d 844 (1987).

█ There is no dispute in the present case that the department established a *prima facie* case against Morris based on the Code. However, once the department has established its burden in showing that the driver failed to submit to the chemical testing, the burden then shifts to the licensee to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Driver Licensing v. Norton,* 103 Pa.Commonwealth Ct. 78, 519 A.2d 1085 (1987). Whether the licensee has satisfied this burden is a factual determination for the trial court. *Waigand v. Commonwealth,* 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

█ Expert testimony offered on behalf of Morris by his treating physician, Dr. Margaret Groff, M.D., indicated that he suffers from bronchial asthma, which is characterized by decreased air flow to the lungs which makes it much more difficult to expel air from his lungs than it does a person with normal lung capacity. With regard to Morris' ability to successfully complete a breathalyzer test, Dr. Groff testified as follows:

Q. If I would tell you that an individual is required to blow a constant breath for a period of up to ten seconds and be expected to blow between 600 and 700 milliliters of air during that period of time, could you indicate whether it's your medical opinion that Mr. Morris, given his physical condition, could engage in such a test?

A. A base line, no, I don't think he could. He wouldn't be able to sustain a breath that long.

The trial court found that Dr. Groff's testimony indicated Morris would not have been able to exhale sufficiently to make the breathalyzer register the attempt. Nevertheless, the trial court held that Morris should have attempted to blow into the machine and, should he have failed to properly activate the

machine, the issues he raises now might be more compelling. We disagree.

Whether or not Morris sustained his burden by producing adequate, or substantial, evidence is a question of law within the purview of this court's review. *Wheatley.* Here, the trial court heard detailed testimony by a board-certified family medicine practitioner, Dr. Groff, who had treated Morris for four and one-half years at the time of her deposition and concluded that he was incapable of supplying a sufficient amount of wind to register on the breathalyzer. The department did not offer an expert to rebut Dr. Groff's testimony. The trial court accepted her testimony as true and, along with the other evidence, concluded that Morris "probably would not have been able to exhale sufficient breath to make the breathalyzer register his attempt." (Trial court opinion at 2.) This finding is supported by substantial evidence.

However, the trial court's application of the law to its findings is within our review and we conclude that the court erred in requiring Morris to make an attempt at the test when it found that he was incapable of completing the test. The court, in effect, is placing the burden on the licensee to attempt that which may jeopardize his health. Moreover, even if Morris had attempted, but failed, to supply the breath necessary to register on the machine, his license would still be subject to suspension. A licensee's failure to provide sufficient breath to complete a breathalyzer test constitutes a refusal, whether or not the licensee made a good faith effort to supply a sufficient breath. *Department of Transportation, Bureau of Driver Licensing v. Kilrain,* 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991), *petition for allowance of appeal denied,* 529 Pa. 625, 600 A.2d 541 (1991).

Accordingly, the order of the trial court is reversed.

SMITH, J., dissents.