Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Gary Allen Michalec, Appellee.

Argued May 7, 1980, before Judges Wilkinson, Jr., Craig and Williams, Jr., sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Michael R. Deckman*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General and *Edward G. Biester, Jr.*, Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 6, 1980:

This is an appeal by the Pennsylvania Department of Transportation (Department) from an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Gary Allen Michalec from the suspension of his motor vehicle operating privileges. The Department had suspended Michalec's license for his refusal to submit to a test to determine the alcoholic content of his blood.[1]

Michalec, the instant appellee, was involved in a two-car accident on July 17, 1977. The investigating police officer detected the odor of alcohol on Michalec; but because the appellee had injuries from the accident he was taken to a hospital. At the hospital Michalec was placed under arrest for driving under the influ-

---

[1] The suspension was pursuant to 75 Pa. C.S. §1547(b)(1)(i).

ence of alcohol and given the Miranda warnings. Because there was no breathalyzer at the hospital, the police officer requested Michalec to take a blood test to determine its alcoholic content. Michalec refused. According to the officer he four times told the appellee that he would lose his license, for refusing to take the test.

The lower court heard the matter *de novo;* and there is no dispute that the Commonwealth presented sufficient prima facie proof of the legal elements required to sustain the suspension. Therefore, Michalec had the burden of proving that he was physically incapable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975). The lower court found that because of Michalec's injuries his refusal was not knowing and conscious, and sustained his appeal. It is our conclusion that this finding was not supported by competent evidence; and we reverse.

This is not a case where the motorist suffered from any obvious inability to comply with the officer's request. Therefore, a finding that Michalec was physically unable to make a knowing and conscious refusal had to be supported by competent medical evidence to that effect. *Department of Transportation, Bureau of Traffic Safety v. Kelly, supra; Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A.2d 844 (1973). The appellee presented no such evidence below. In fact, the appellee was the only witness in his behalf. What is more telling, is that Michalec testified that he refused to take the test because he did not want to submit to anything in the absence of an attorney.

One of the few bases upon which we can disturb a lower court's decision in this type of license suspension case is where the findings are not supported by competent evidence. *McMahon v. Commonwealth,* 39

92

Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978). We are constrained to conclude that the lower court's finding in this case suffers from that infirmity.

ORDER

AND Now, the 6th day of June, 1980, the order of the Court of Common Pleas of Allegheny County at No. SA 468 of 1978 is hereby reversed.