Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Charles W. Day, Appellee.

Submitted on briefs September 10, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Scott L. Kelley, Stonesifer and Kelley,* for appellee.

OPINION BY SENIOR JUDGE KALISH, November 14, 1985:

The Department of Transportation (DOT) appeals a common pleas court decision sustaining the appeal of the motorist whose operating privileges were suspended because he refused to take a blood-alcohol examination. The trial court found that the driver did not comprehend what was occurring as a result of an accident and, consequently, did not make a conscious and knowing refusal. We affirm.

DOT contends that no medical evidence was introduced to establish that the appellee's injuries rendered him incapable of making a knowing and conscious refusal. Where the Commonwealth has met all prior requirements, the burden of proof shifts to the driver to show that he or she was incapable of making a knowing and conscious refusal. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). This is a question of fact for the fact finder. *Id.* Where the person with the burden of proof prevails in the court below, our scope of review is limited to a determination of whether the findings of fact of the court below are supported by substantial evidence and whether errors of law were committed. *Spirer v. Commonwealth,* 52 Pa. Commonwealth Ct. 381, 416 A.2d 587 (1980).

Many factors must be considered in determining whether the refusal of a driver to submit to a blood test or the breathalyzer was a knowing and conscious refusal. One of the most important is the driver's mental and physical state at the time. The nature and extent of the driver's injuries are relevant on this issue.

After carefully reading the record in the instant case, we are left with grave reservations concerning the driver's ability to make a knowing and conscious refusal. The record shows that as a result of the accident the driver suffered multiple injuries, including: a broken jaw, severe facial lacerations, a broken arm, an injured leg, and blows to the back of his head. The result of these injuries was rambling speech, confusion, and at times, a total loss of memory. However, no medical evidence was introduced to show that these injuries rendered him incapable of making a knowing and conscious refusal.

The cases discussing medical evidence do not indicate that such evidence is a per se requirement. *See Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). What they do indicate is that a motorist's bare assertion of physical incapacity, absent any supportive medical evidence, is insufficient to meet the required burden of proof. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982); *Department of Transportation, Bureau of Traffic Safety v. Hanes,* 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). With regard to the motorist's physical condition, each case must be decided on its individual facts.

The trial judge determines the credibility of the witnesses and the weight of their testimony. Taking into consideration the appellee's physical condition, and all the attendant circumstances, the evidence was substantial enough to support the trial judge's finding that the refusal was not conscious and knowing, even absent medical testimony to form a nexus between the injuries sustained and the refusal to take the test.

## ORDER

The order of the Court of Common Pleas of Adams County in No. 83-5-671, entered February 24, 1984, is affirmed.

President Judge CRUMLISH, JR., dissents.