504 A.2d 961

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Phillip Struzzeri, Appellee.

Submitted on briefs September 25, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 6, 1986:

The Department of Transportation (DOT) suspended Phillip Struzzeri's driving license for one year for refusing to submit to a breathalyzer test. Section 1547(b)(1) of the Vehicle Code.[1] A Luzerne County Common Pleas Court order sustained Struzzeri's appeal and rescinded the suspension. DOT appeals this order. We reverse and reinstate the suspension.

Struzzeri was found slumped over the driving wheel of his automobile by two Pittston Township police officers. The officers detected an alcoholic odor on his breath and arrested him. Struzzeri refused to take a breathalyzer test. The trial court found that the officers had probable cause to make the arrest, but that Struzzeri did not consciously refuse to take the breath test because he suffered a head injury in an accident occurring just prior to the officers' arrival at the scene.

Our scope of review of a common pleas court decision in a license suspension matter is limited to determining whether the findings of fact are supported by competent evidence, whether there has been an error of law, or whether the trial court's decision evidences a manifest abuse of discretion. *Liebler v. Commonwealth,* 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984).

DOT contends that the trial court erred in determining that competent medical evidence was intro-

---

[1] 75 Pa. C. S. §1547(b)(1).

14

duced to support a finding that a knowing and conscious refusal was not given.

When the Commonwealth has proven that a driver did in fact refuse to submit to a breathalyzer test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or incapable of a conscious and knowing refusal. *Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). Where, as here, there is no obvious inability suffered by the driver, a finding that he was unable to make a knowing and conscious refusal must be supported by competent medical evidence. *Dauer; Department of Transportation, Bureau of Traffic Safety v. Michalec,* 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980).

Our review of the record discloses no competent *medical* evidence to support the trial court's conclusion that Struzzeri suffered a mild concussion preventing him from knowingly and consciously refusing to take the test. Struzzeri's self-serving statement that his doctor told him that he had "probably" suffered a mild concussion does not constitute competent medical evidence.[2] We hold that the trial court erred in con-

---

[2] N.T., 12/19/83, p. 30, on cross-examination:

[Prosecutor]: You didn't go for medical treatment anywhere, did you?

[Struzzeri]: Not that day, no. I might add . . .

[Prosecutor]: Did you later on?

[Defense counsel]: Well, could he finish. Could he finish his response, your Honor?

THE COURT: Yes, go ahead.

[Struzzeri]: My children had a doctor's appointment in Exeter, I believe that Thursday or the following Friday. I asked him about it. I told him about the incident, that I had banged my head and, you know, I had headaches, and it did hurt physically, a bruise there which appeared a day or two later, black and blue mark, and he said as long as

cluding that Struzzeri met his burden of proving that he did not knowingly refuse to take the breathalyzer test.[3]

The order of the trial court is reversed; the decision of DOT suspending Struzzeri's license for one year is reinstated.

ORDER

The Luzerne County Common Pleas Court order, No. 4927-C of 1983 dated March 2, 1984, is reversed. The one-year suspension of driving privileges imposed by the Department of Transportation is reinstated.

Senior Judge KALISH dissents.

I'm not nauseous or, you know, anything, the headaches are not getting worse or repetitive, *probably* a mild concussion.

(Emphasis added.)

[3] Struzzeri presented the testimony of one Andrew Kosik on his behalf. Kosik testified that Struzzeri showed no sign of intoxication before he left Kosik's house fifteen minutes before the arrest. The trial court found this testimony credible and inferred from it that Struzzeri's refusal to take the test was the result of his concussion. This does not constitute competent medical evidence.