505 A.2d 1125

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Eugene William Gordon, Appellee.

Submitted on briefs December 9, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Robert J. Kerns,* for appellee.

OPINION BY JUDGE PALLADINO, March 11, 1986:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals an order of the Court of Common Pleas of Montgomery County (trial court) which sustained the appeal of Eugene William Gordon (Gordon) thereby reversing a one-year suspension of his motor vehicle operating privileges. We reverse.

On August 30, 1983, Gordon was involved in a two-vehicle automobile accident in Whitpain Township, Montgomery County. When an officer of the Whitpain Township Police Department arrived at the scene of the accident, he found that Gordon had been injured[1] and was suffering from chest pains. The

---

[1] Gordon's injuries consisted of a head laceration, bleeding from his mouth and nose, and a fractured thumb.

officer radioed for an ambulance which took Gordon to the hospital. While at the hospital, the officer asked Gordon to submit to a blood alcohol test and advised him that if he refused his license would be suspended for one year. Gordon refused to submit to the test. As a result of this refusal, DOT suspended Gordon's operating privileges for one year pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

Gordon appealed the suspension to the trial court which found that he was not physically able to make a conscious and knowing refusal to submit to the test and, therefore, sustained Gordon's appeal and reversed the suspension. DOT now appeals to this Court.

Our scope of review in cases of this nature is to determine whether the findings of fact are supported by competent evidence and whether errors of law have been committed. *Giltinan v. Commonwealth*, 68 Pa. Commonwealth Ct. 96, 447 A.2d 1129 (1982). In the case at bar there is no dispute that DOT presented sufficient proof of the legal elements required to sustain the suspension.[2] Therefore, Gordon had the burden of proving that he was physically incapable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Michalec*, 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980). The trial court found that because he was injured and confused, Gordon's refusal was not knowing and conscious. This finding is not supported by competent evidence.

---

[2] DOT bears the burden of proving that the driver: (1) was placed under arrest for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that his license would be suspended if he refused to take the test. *Everhart v. Commonwealth*, 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980).

As we stated in *Michalec,* when a motorist does not suffer from any obvious inability to comply with an officer's request to submit to a blood alcohol test, a finding that he or she was physically unable to make a knowing and conscious refusal must be supported by competent medical evidence. *Id.* at 91, 415 A.2d at 922. *See also Department of Transportation, Bureau of Traffic Safety v. Dauer,* 52 Pa. Commonwealth Ct. 571, 416 A.2d 113 (1980). No such evidence was presented in the case at bar.[3] We must conclude, therefore, that the trial court's finding is not supported by competent evidence.

The trial court also concluded that Section 1547(b) was not violated because a blood alcohol test was eventually performed using blood drawn by hospital employees for medical purposes which was later turned over to the Whitpain Township Police. This is an error of law. Section 1547(b) provides that once a driver is requested to submit to a chemical test and refuses to do so, DOT is required to suspend his or her operating privileges. *Phillips v. Commonwealth,* 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984). The officer was correct in accepting Gordon's refusals as final and was under no obligation to make use of any blood sample that might have been drawn later for other purposes. *Id.* at 221, 478 A.2d at 960.

Accordingly, the trial court's order is reversed and the suspension entered by DOT is reinstated.

---

[3] The record reveals that after closing summaries were made at trial, the trial court *sua sponte* asked Gordon's counsel if the medical records were available. Whereupon counsel presented certain documents to the trial court which the trial court reviewed and returned. Assuming that these were Gordon's medical records, they were not offered into evidence, do not appear in the record, and cannot constitute competent evidence.

550

### Order

And Now, March 11, 1986, the order of the Court of Common Pleas of Montgomery County, No. 83-15048, dated November 22, 1983, is reversed. The order of the Department of Transportation, Bureau of Traffic Safety suspending the operating privileges of Eugene William Gordon for a period of one year is reinstated.