518 A.2d 343

Commonwealth of Pennsylvania, Department of Transportation, Department of Driver Licensing, Appellant *v.* William B. Varos, Appellee.

Submitted on briefs October 7, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Armand R. Cingolani, Jr.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 5, 1986:

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals a Butler County Common Pleas Court order reversing a one-year license suspension imposed on William B. Varos for refusing to submit to a blood alcohol test. We reverse.[1]

Police officers arrested Varos at the scene of a one-car accident. After Varos refused treatment for cuts and abrasions at a hospital, he was asked to submit to a blood alcohol test. He was warned that a refusal would result in a one-year license suspension, yet refused to give a blood sample. The trial court held that the proffer of a hospital consent form in conjunction with the blood alcohol request was unnecessary and potentially confusing and, thus, reversed the suspension.

DOT contends that the trial court erred in relying upon *Sickman v. Commonwealth,* 79 Pa. Commonwealth Ct. 173, 468 A.2d 909 (1983), and *Maffei v. Department of Transportation,* 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), to sustain Varos' appeal. We agree.

We find the instant case distinguishable because Varos' submission to the blood test was not conditioned either upon the signing of a consent form *(Maffei)* or the answering of a questionnaire or completion of a performance test *(Sickman).* Varos was asked directly and unconditionally to submit to a blood test and adamantly

---

[1] Our scope of review of a common pleas court decision in a license suspension case is limited to determining whether the court made findings of fact unsupported by substantial evidence, committed an error of law or abused its discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

refused.[2] Therefore, we hold that Varos' duty to assent to a blood test was not impermissibly burdened by the proffer of a hospital consent form which was not a precondition to the blood test.

Varos primarily contends that in his injured and irrational state he was not capable of making a knowing and conscious refusal to submit to a blood test.

Where the Commonwealth has proven that the driver failed to submit to an alcohol test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri*, 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986). Although the evidence indicates that Varos suffered a loss of blood, his behavior demonstrated no obvious inability to make a knowing and conscious refusal.[3] Therefore, in accordance with *Struzzeri*, Varos' incapacity defense must be supported by competent medical evidence. Since he has failed to produce supporting medical evidence, we hold that the trial court erred in sustaining the appeal.

Accordingly, we reverse the decision of the common pleas court and reinstate the one-year license suspension.

### ORDER

The Butler County Common Pleas Court order, No. MsD 84-036 dated June 12, 1984, is reversed. The one-year suspension of driving privileges imposed by the Department of Transportation is reinstated.

---

[2] N.T., 6/11/84, pp. 20a-21a (police officer's testimony).

[3] The arresting police officer testified that Varos understood every question directed toward him and responded appropriately. Varos allegedly commented that he would not take the blood test because a friend of his in Butler County "beat" a similar charge.