520 A.2d 131

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Joseph La Salle, Appellee.

Submitted on briefs October 23, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Randall C. Flager, Groen, Goldberg & Rubenstone,* for appellee.

OPINION BY JUDGE COLINS, January 22, 1987:

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals a Philadelphia County Common Pleas Court order reversing a one-year license suspension imposed upon Joseph La Salle (appellee) for refusing to submit to a blood alcohol test in violation of Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b). We reverse.[1]

Preliminarily, we note that an opinion in this matter was previously filed on December 11, 1986. The appellee had filed no brief as of the date of the opinion's release. However, on December 11, 1986, an attorney recently retained by appellee filed a request that he be able to submit a brief on his client's behalf. In the interests of justice, we withdrew the opinion and allowed appellee to submit a brief in order to consider all arguments which appellee might advance.

The facts of the case are as follows. A police officer was called to the scene of an accident on February 19, 1984. Upon arrival, he discovered that appellee's vehicle had been struck head-on by an oncoming vehicle which crossed the center of the roadway. During an investigation of the accident, the officer detected an odor of alcohol on appellee's breath and, additionally, noticed that appellee had difficulty walking and staggered as he exited his vehicle. At that time, appellee was placed under arrest for driving while intoxicated. Since appellee was being transported to a hospital for treatment of his injuries, the officer requested that appellee submit to a chemical blood alcohol test. Before the trial court, the officer testified that appellee initially agreed to the

---

[1] Our scope of review of a common pleas court decision in a license suspension case is limited to determining whether the court made findings of fact unsupported by substantial evidence, committed an error of law, or abused its discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

chemical test; however, once he arrived at the hospital, he stated that the "test would not be in his best interest" and refused the test. By contrast, appellee testified that he remembered nothing of any substance following the collision and, specifically, that he remembered neither consenting nor refusing to take the test. The trial court held that it believed that appellee was unable to consciously refuse or consent to take the test as a result of injuries he sustained in the accident.

On appeal, DOT contends that the trial court erred in concluding that appellee had met his burden of demonstrating that his refusal to submit to a chemical test was not knowing and conscious due to the injuries he sustained. We agree.

Where the Commonwealth has proven that the driver failed to submit to a blood alcohol test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri*, 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986). Although the evidence indicates that appellee did, indeed, sustain some injuries as a result of the accident, his behavior did not indicate that he was unable to make a knowing and conscious refusal. This Court has previously stated:

> [N]o medical testimony as to whether the appellee suffered a concussion or as to what effects a severe blow to appellee's head would have had on him was introduced. We note that a driver's simple declaration that he is physically unable to perform a chemical test, without support of medical proof of his incapacity, will not justify a refusal.

*Department of Transportation, Bureau of Traffic Safety v. Dauer*, 52 Pa. Commonwealth Ct. 571, 574-575, 416

A.2d 113, 115 (1980) (citations omitted). Therefore, in accordance with *Struzzeri* and *Dauer,* appellee's incapacity defense must be supported by competent medical evidence, since he suffered no obvious inability.

Appellee cites *Department of Transportation, Bureau of Traffic Safety v. Day,* 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985) in support of the proposition that medical evidence is not a *per se* requirement and that each case must be determined on an individual basis. *Day* is totally inapposite here. In *Day,* there was medical evidence of record that the driver had suffered multiple injuries, including: a broken jaw, severe facial lacerations, a broken arm, an injured leg, and blows to the back of the head. Although there was no expert testimony that these injuries rendered the driver incapable of making a knowing and conscious refusal, the Court concluded this, due to the massive injuries which had been proven.

Here, however, there was no medical evidence of record that petitioner had even suffered a blow to the head, as he claimed. Furthermore, even if petitioner had produced medical evidence that he had sustained the injuries he alleged, those injuries are not comparable to the serious injuries sustained by the driver in *Day* and thus, there would be no basis to infer petitioner's incapacity. All that petitioner produced in the instant case was his and his wife's self-serving testimony that he was incapacitated. Such testimony, standing alone, is insufficient to support an incapacity defense.

Since appellee in the instant matter was required to have produced medical evidence and he produced none, we hold that the trial court erred in sustaining the appeal.

Accordingly, we reverse the decision of the Court of Common Pleas and reinstate the one-year license suspension.

426

ORDER

AND NOW, this 22nd day of January, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed. The one-year suspension of appellee's driving privileges imposed by the Department of Transportation is reinstated.