538 A.2d 614

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* William Hugh Cochrane, Appellee.

Submitted on briefs December 15, 1987, to Judges CRAIG, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*Stanton M. Lacks,* for appellee.

OPINION BY JUDGE CRAIG, March 1, 1988:

The Department of Transportation, Bureau of Driver Licensing, appeals an order of the Court of Common Pleas of Bucks County which sustained the appeal of William Hugh Cochrane from a one-year suspension of his operating privilege for refusing to submit to a chemical breath test. Section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b).[1] We reverse.

---

[1] Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547, provides:

(b) Suspension for refusal.—

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

Our review in this case is limited to determining whether the trial court's findings are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Lielkajs*, 109 Pa. Commonwealth Ct. 148, 530 A.2d 1009 (1987).

The trial court, upon reinstating Mr. Cochrane's operating privilege, noted that Mr. Cochrane's testimony that his injury impaired his ability to make a knowing refusal, was corroborated by the credible testimony of arresting Officer Schmalz.

DOT contends that the trial court's order reinstating Mr. Cochrane's driving privilege should not be upheld because Mr. Cochrane's self-serving statement that he was physically unable to make a conscious refusal to submit to a chemical test for alcohol was not supported by the requisite competent medical proof.

To prevail upon appeal in a license suspension case under section 1547(b) of the Code, DOT must prove that Mr. Cochrane (1) was placed under arrest for driving under the influence of alcohol; (2) was requested by the officer to submit to a breathalyzer test; (3) refused to do so; and (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test. *Neitz v. Department of Transportation, Bureau of Traffic Safety*, 96 Pa. Commonwealth Ct. 1, 506 A.2d 961 (1986).

Officer Michael Schmalz of the Warwick Township Police Department, in recounting the arrest of Mr. Cochrane, testified that on May 22, 1986, around 11:50 p.m. he investigated an accident at the intersection of York and Almshouse Roads in which Mr. Cochrane was involved. Furthermore, he stated that an ambulance was requested at the scene of the accident, and that Mr. Cochrane did have a "slight minor cut on his head".

While speaking with Mr. Cochrane, Officer Schmalz detected a strong odor of alcohol, and noticed that Mr. Cochrane's "speech was very slurred," and "his eyes were bloodshot". Officer Schmalz then requested Mr. Cochrane to submit to an Intoxilizer test or a blood test. During direct examination, Officer Schmalz continued:

Q. What did he (Cochrane) say?

A. He stated no, he didn't know. He started acting funny at that time.

Q. What happened after that?

A. I asked him approximately twice at the scene of the accident to request blood. He stated no, he will not.

. . . .

Q. Officer, you said you advised him about the Implied Consent Law. What exactly did you tell him?

A. I advised him twice at the scene and twice at the hospital if he did not submit to a blood test or Breathalyzer test at my request, he would lose his license for one year, regardless of the outcome of driving under the influence of alcohol at a later date.

Q. Now, at the hospital how many times did you ask him to submit to a blood test?

A. Minimum of twice. I believe it was three times.

Q. Do you remember what he did or said in response to your request?

A. He acted very dizzy, confused. In a manner he was completely out of it. He stated he didn't understand anything that I was saying.

The testimony of Officer Schmalz established that DOT met its burden of proving a refusal by Mr. Cochrane. Therefore, Mr. Cochrane was required to

prove that he was physically unable to take the test or incapable of a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Struzzeri,* 95 Pa. Commonwealth Ct. 12, 504 A.2d 961 (1986).

Mr. Cochrane testified that, during the accident, he was thrown forward and smashed his head on the windshield of his vehicle. Furthermore, he indicated that he didn't remember being asked to take a chemical test or a blood test, nor did he remember any conversation with an officer concerning consequences of refusing to take a test.

Mr. Cochrane was detained for a couple of hours at the hospital for treatment of his head injury, and released. He did not present any medical testimony pertaining to his physical condition, but merely indicated that he "stayed in bed for three days." Because Mr. Cochrane did not suffer from any obvious inability to comply with Officer Schmalz's request to submit to a blood alcohol test, a finding that he was physically unable to make a knowing and conscious refusal must be supported by competent medical evidence. *Department of Transportation, Bureau of Traffic Safety v. Michalec,* 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980).

Mr. Cochrane cites *Department of Transportation, Bureau of Traffic Safety v. Day,* 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985) as supportive of the proposition that medical evidence is not a per se requirement in a license suspension case. We believe *Day* to be factually distinguishable. As a result of an automobile accident, the motorist's severe injuries in that case were obvious; they included "a broken jaw, severe facial lacerations, a broken arm, and injured leg, and blows to the back of the head." No medical evidence was introduced to prove the driver incapable of making a conscious refusal. In affirming the trial court's reinstatement of the

motorist's operating privilege, Judge KALISH noted "that a motorist's bare assertion of physical incapacity, absent any supportive medical evidence, is insufficient to meet the required burden of proof."

We interpret *Day* as ruling that a medical opinion to validate the motorist's refusal to submit to a chemical test will not be required when severe, incapacitating injuries are obvious.

However, in a case such as this, when a motorist has not suffered obvious incapacitating injuries, lay testimony may not supplant medical opinion in order to corroborate a witness's assertion of injury.

The only testimony we have corroborating Mr. Cochrane's allegations are those from Officer Schmalz, which the trial court found to be persuasive. However, that testimony does not satisfy the medical proof requirements of *Day, Struzzeri,* and *Michalec.*

Accordingly, we reverse the trial court and reinstate the decision of DOT suspending Mr. Cochrane's license for one year.

## ORDER

NOW, March 1, 1988, the Bucks County Common Pleas Court Order No. 86-4356, dated October 15, 1986, is reversed. The one-year suspension of driving privileges imposed by the Department of Transportation is reinstated.