541 A.2d 66

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Sylvester R. Griffith, Appellee.

Submitted on briefs February 4, 1988, to President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *John L. Heaton*, Chief Counsel, for appellant.

*Joseph V. Kasper*, with him, *John R. Sobota*, for appellee.

OPINION BY JUDGE COLINS, May 16, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Luzerne County reversing the one year license suspension imposed upon Sylvester D. Griffith (appellee) after determining that the injuries sustained by appellee in an accident rendered him unable to knowingly and consciously refuse to submit to a breathalyzer test. *See* Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). We reverse.

On February 21, 1987, appellee was involved in a two vehicle collision. A police officer called to the scene of the accident noted that appellee was injured but that he refused offers of medical attention. Noting the odor of alcohol about appellee and his difficulty in locating his license and registration card and in performing certain physical tasks, the officer placed appellee under arrest, requested that he submit to a breathalyzer test and advised him that his refusal to do so would result in a one year suspension of his driver's license. Appellee did refuse the test and DOT's suspension of his driving privileges followed.

Appellee appealed the suspension to the trial court, which considered the following evidence in concluding that appellee was unable to knowingly and consciously refuse the breathalyzer test as a result of the injuries he sustained in the accident: (1) the appellee's statements, specifically found credible by the trial court, that the collision was violent, that he could not recall the accident or subsequent events until the following morning when he requested that he be taken to the hospital, there receiving treatment for three broken ribs; (2) the testimony of appellee's brother-in-law who was a passenger in the vehicle, his sister-in-law and wife, all of whom stated that appellee was dazed and incoherent following the accident and (3) photographs of appellee's car, re-

vealing, in the trial court's estimation, severe damage to the passenger side of the car and to the dashboard.

When the motorist does not suffer from any obvious inability to comply with an officer's request to submit to a blood alcohol test, a finding that he or she was physically unable to make a knowing and·conscious refusal must be supported by competent medical evidence. *Department of Transportation, Bureau of Driver Licensing v. Norton,* 103 Pa. Commonwealth Ct. 78, 519 A.2d 1085 (1987). Whether a motorist has satisfied this burden ·is a factual determination to be made by the trial court. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982). A motorist's bare assertion of physical incapacity, absent any supportive medical evidence, is insufficient to meet the requisite burden. *Department of Transportation, Bureau of Traffic Safety v. Day,* 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985). Our scope of review in cases of this nature is to determine whether the findings of fact are supported by competent evidence and whether errors of law have been committed. *Department of Transportation, Bureau of Traffic Safety v. Gordon,* 95 Pa. Commonwealth Ct. 546, 505 A.2d 1125 (1986).

There is no dispute in the instant matter that DOT presented sufficient evidence of the legal elements required to sustain the suspension, *see id.,* and the sole issue presented is whether appellee sustained his burden of proving that he was physically incapable of making a knowing and conscious refusal. DOT asserts that appellee's failure to adduce medical proof of his purported physical incapacity precludes a finding that he, in fact, had carried such burden. We agree. After thoroughly reviewing the record *sub judice,* we cannot conclude that appellee suffered any *obvious* incapacity so as to avoid the requirement of medical evidence in support of his incapacity defense. Indeed, the record

discloses that appellee approached the investigating po-
lice officer and admitted that he was the driver of the
vehicle involved in the accident. He refused immediate
medical assistance, despite having sustained cuts on his
face and hands, and was not taken to the hospital until
the following day, at which time he was treated for bro-
ken ribs but not for the lacerations.

Appellee now contends the facts of this matter are
"strikingly similar" to those in *Day* wherein we held
that the motorist's injuries were such that no medical
proof was required to prove that his injuries rendered
him incapable of making a knowing and conscious refus-
al. In that case, however, the motorist suffered multiple
injuries, including a broken jaw, severe facial lacera-
tions, a broken arm, an injured leg and blows to the
back of the head. Contrary to appellee's assertions, we
believe the instant matter is factually distinguishable
from *Day* and is more closely aligned with *Gordon*. We
there found that although the motorist had indeed suf-
fered injuries consisting of a head laceration, bleeding
from the mouth and nose and a fractured thumb, his
injuries were not of such an obvious nature that he
could have been said to be suffering from an obvious
inability to comply with the police officer's request to
submit to testing. *See also Norton.* As no medical
evidence[1] was presented in the instant matter, we,
therefore, are constrained to conclude that the trial
court's findings are not supported by competent evi-
dence.

Accordingly, the order of the Court of Common
Pleas of Luzerne County is reversed and appellee's one
year license suspension is reinstated.

---

[1] We note that appellee was examined by medical personnel
on the day following the accident and could have thus readily ad-
duced medical evidence in support of his assertion of physical in-
capacity if, in fact, such evidence existed. *See id.*

### ORDER

AND NOW, this 16th day of May, 1988, the Order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed. The one year suspension of appellee's driving privileges imposed by the Department of Transportation is reinstated.