550 A.2d 873

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Garlan, Appellee.

Submitted on briefs September 20, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel and *John L. Heaton,* Chief Counsel, for appellant.

*Raymond J. Sobota,* for appellee.

OPINION BY JUDGE COLINS, December 1, 1988:

The Department of Transportation, Bureau of Driver Licensing (Department), appeals an order of the Luzerne County Court of Common Pleas (trial court) which set aside the suspension of James Garlan's driving privileges. The Department imposed the one year suspension as a result of Garlan's refusal to submit to a blood alcohol test pursuant to Section 1547(b) of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1547(b). Following a *de novo* hearing, the trial court found that as a result of injuries sustained in an automobile accident, on June 25, 1987, Garlan did not knowingly and consciously refuse to submit to the blood test. We reverse.

Our scope of review in this case is limited to determining whether the trial court's decision is supported by competent evidence, whether there has been an er-

roneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Cochrane,* 114 Pa. Commonwealth Ct. 185, 538 A.2d 614 (1988).

In order to sustain a suspension under Section 1547 of the Code, the Commonwealth must prove that the driver: (1) was placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a chemical test; (3) refused to do so; and (4) was warned that his license would be suspended if he refused. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). Once the Commonwealth establishes these four elements, the burden then shifts to the appellant to prove by competent evidence that he *was incapable of making a knowing and conscious refusal. Id.*

In the instant matter, the testimony of Officer Ronald Jarzenbovicz, of the Hanover Township Police, indicates that the Commonwealth met its burden of proof under Section 1547 of the Code. The officer testified that on the evening of June 25, 1987, he was dispatched to the scene of a near head-on collision in which Garlan was involved. Jarzenbovicz testified that upon his arrival at the scene he immediately inquired of the bystanders whether an ambulance had been summoned, and then proceeded to check the passengers of the collided vehicles. Jarzenbovicz first checked Garlan's vehicle. The officer testified that he could see that Garlan sustained head injuries from the accident but noted that the bleeding was already slowing. The officer further opined that as he spoke to Garlan he detected a strong odor of alcohol and that Garlan's eyes were glassy. After checking on the others, Jarzenbovicz returned to Garlan's vehicle and asked Garlan to produce his license, owner's card and insurance card. Garlan al-

legedly had difficulty in removing the requested items from his wallet.

Thereafter, Officer Jarzenbovicz asked Garlan three times to perform a field sobriety test. Garlan refused each request and was subsequently advised of his constitutional rights and placed under arrest for driving under the influence. Jarzenbovicz then requested Garlan to accompany him to a hospital for a blood test and Garlan refused. The officer informed Garlan of the consequences of refusing the test, but Garlan still refused. When asked if Garlan understood the officer's request and explanation, Jarzenbovicz stated "he definitely knew what I was talking about and I repeated it many times."

Upon the ambulance's arrival at the scene, Garlan was taken to the hospital. Officer Jarzenbovicz also went to the hospital and there again requested that Garlan submit to a blood test and advised him of the consequences of refusing. Garlan however refused to submit to the test. Officer Jarzenbovicz testified that he was convinced that Garlan understood what the officer was telling him concerning the blood test and the consequences of the refusal.

At trial, Garlan asserted that his injuries included a concussion, a corneal abrasion, bruises and loss of memory, yet no medical evidence was presented to establish the nature and extent of these injuries. Instead, all that was produced to support Garlan's contentions of physical incapacity was his own testimony, the testimony of his father, and three pictures; one of Garlan's damaged automobile, one of the vehicle's broken windshield and one of Garlan in the hospital with a bandage on his head and on his eye.

Accordingly, the Department argues on appeal that Garlan failed to sustain his burden of proving that he was incapable of making a knowing and conscious decision by failing to produce competent medical evidence

that he was physically unable to consent to the blood test. The Department therefore contends that the suspension which it imposed should be reinstated since Garlan has not met his burden.

This Court noted in *Department of Transportation, Bureau of Traffic Safety v. Day*, 93 Pa. Commonwealth Ct. 49, 500 A.2d 214 (1985), that medical evidence is not a per se requirement in order to establish that the driver was physically incapable of making a knowing and conscious refusal. Nevertheless, "a motorist's bare assertion of physical incapacity, absent any supportive medical evidence, is insufficient to meet the required burden of proof." *Id.* at 52, 500 A.2d at 215. *Day* was recently clarified by this Court in *Cochrane. Cochrane* interpreted *Day* to mean ". . . a medical opinion to validate the motorist's refusal to submit to a chemical test will not be required when *severe, incapacitating* injuries are *obvious*. However, . . . when a motorist has not suffered obvious incapacitating injuries, lay testimony may not supplant medical opinion in order to corroborate a witness's assertion of injury." *Id.* at 190, 538 A.2d at 616 (emphasis added).

It appears from our examination of the record that Garlan's injuries do not rise to the level of obvious, severe and incapacitating injuries which would relieve him of having to produce medical testimony to corroborate his claim of physical incapacity at the time of the accident. In *Day*, for example, the appellant sustained a broken jaw, *severe* facial lacerations, a broken arm, an injured leg and blows to the head. These injuries resulted in a total loss of memory, as well as, rambling speech and confusion. In the case *sub judice*, on the other hand, despite the injuries suffered by Garlan, he convinced Officer Jarzenbovicz that he understood what was being said to him and was coherent enough to express concern for the occupants of the other vehicle.

Moreover, the extent of Garlan's injuries was not nearly as obvious nor severe as those at issue in *Day.*

Accordingly, we find that the trial court erred in not requiring Garlan to produce competent medical evidence to support his alleged physical inability to make a knowing and conscious decision. Thus, we reverse the trial court and reinstate the decision of the Department suspending Garlan's license for one year.

ORDER

AND NOW, this 1st day of December, 1988, the order of the Luzerne County Common Pleas Court in the above-captioned matter is hereby reversed. The one year suspension of driving privileges imposed by the Department of Transportation is reinstated.

Judge MACPHAIL did not participate in the decision in this case.