596 A.2d 1217

**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

**v.**

**Donald Dale GROSCOST, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided Aug. 15, 1991.

Reargument Denied Oct. 4, 1991.

38

David R. White, Asst. Counsel, for appellant.

Alfred L. Steff, Jr., Beaver, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

The Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Beaver County reversing DOT's one-year suspension of Donald Dale Gros-

cost's driver's license. DOT had suspended Groscost's license because he refused to submit to a chemical blood test.

Groscost hit a telephone pole while driving his car. When Corporal Timothy Kaye of the Borough of Industry Police Department arrived at the scene of the accident, he saw a case of beer in the front seat of Groscost's car and smelled alcohol on Groscost. Paramedics transported Groscost, who had suffered injuries, to the hospital. At the hospital, Corporal Kaye arrested Groscost for driving under the influence of alcohol.

■■■■ Corporal Kaye requested Groscost to submit to a blood alcohol test and advised him of the automatic suspension of his operating privilege if he refused the test. Corporal Kaye made this request several times. Each time, Groscost would moan and not answer. Corporal Kaye recorded Groscost's actions as a refusal.[1]

DOT notified Groscost of the suspension of his driver's license pursuant to section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[2] Groscost appealed.

At the hearing *de novo*, Groscost contended that he did not make a knowing and conscious refusal to take the blood test. Officer Kaye testified that, despite the fact that Groscost failed to answer him when he requested the blood testing, Groscost repeatedly engaged in conversation with a nurse who was attending him. Officer Kaye also testified that each time he read the request form aloud, Groscost

---

1. "Refusal" is defined as "anything substantially less than an unqualified, unequivocal assent to [the] test...." *Department of Transportation v. Mumma*, 79 Pa.Commonwealth Ct. 108, 111, 468 A.2d 891, 892 (1983). Even partially completed chemical tests constitute refusals. *Department of Transportation v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991) (en banc).

2. Section 1547(b)(1) of the Vehicle Code provides:
 If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person for a period of twelve months.

would listen until he finished the reading and would then grab his side and begin moaning.

Groscost introduced his hospital records into evidence, over DOT's objection on the basis that the statements within the documents were hearsay. The trial court overruled DOT's objection and sustained Groscost's appeal. DOT appeals to this court.[3]

Driving in Pennsylvania is a privilege, not a right.[4] The general rule is very clear.

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth *shall be deemed to have given consent* to one or more chemical test of breath, blood or urine ... if a police officer has *reasonable grounds* to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle....

Section 1547(a) of the Vehicle Code, 75 Pa.C.S. § 1547(a) (emphasis added).

■ We have recognized an exception to this implied consent rule when the operator is physically unable to make a knowing and conscious refusal to submit to the chemical test requested. *Department of Transportation v. Garlan*, 121 Pa.Commonwealth Ct. 400, 410–412, 550 A.2d 873, 875, *appeal denied*, 522 Pa. 614, 563 A.2d 499 (1988). Whether the exception applies is a question of fact for the trial court. *O'Connell*, 521 Pa. at 249, 555 A.2d at 876. Whether the conduct found by the trial court amounts to a refusal, however, is a question of law. *Department of Transporta-*

3. Our "scope of review is limited to determining whether the findings of facts of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *Commonwealth, Department of Transportation v. O'Connell,* 521 Pa. 242, 248, 555 A.2d 873, 875 (1989).

4. Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, provides:
*Operating Privilege.* The privilege to apply for and obtain a license to use as well as the privilege to use a vehicle on a highway as authorized in this title, but *not* a contract, property right or civil right.

*tion v. Kilrain,* 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991) (en banc).

 The initial burden rests with DOT to show that Groscost: "(1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license." *O'Connell,* 521 Pa. at 248–49, 555 A.2d at 876. Upon such a showing, the burden shifts to the operator to show that he was *physically unable to make the refusal. Department of Transportation v. Griffith,* 116 Pa.Commonwealth Ct. 196, 198, 541 A.2d 66, 67 (1988). If the inability to make a knowing and conscious refusal is not obvious, one must produce competent medical evidence to support the alleged inability to make a knowing and conscious refusal. *Garlan,* 121 Pa.Commonwealth Ct. at 404, 550 A.2d at 875.

DOT asserts that it met its burden of proving that Groscost refused to take the blood test; however, it also argues that Groscost failed to meet his burden of proving that he was incapable of making a knowing and conscious refusal. DOT contends that: (1) Groscost's injuries were not severe enough to make him obviously incapable of refusing the blood testing; and (2) there was no causal connection between the injuries sustained and his alleged incapacity. Thus, DOT argues medical evidence was necessary to sustain his burden.

 Medical evidence is not a *per se* requirement; however, absent competent medical testimony, "bare assertions" of physical incapacity are insufficient. *Department of Transportation v. Day,* 93 Pa.Commonwealth Ct. 49, 52, 500 A.2d 214, 215 (1985). In examining a refusal we must look to the operator's mental and physical state, and consider the nature and extent of the injuries sustained. *Id.,* 93 Pa.Commonwealth Ct. at 51, 500 A.2d at 214. Lay testimony supporting these factors is insufficient when injuries are not obviously incapacitating. *Department of Transporta-*

*tion v. Cochrane,* 114 Pa.Commonwealth Ct. 185, 538 A.2d 614, *appeal denied,* 523 Pa. 104, 565 A.2d' 159 (1988). In *Cochrane,*

> [w]e interpreted *Day* as ruling that a medical opinion to validate the motorist's refusal to submit to a chemical test will not be required when severe, incapacitating injuries are obvious. However, ... *when a motorist has not suffered obvious incapacitating injuries, lay testimony may not supplant medical opinion in order to corroborate a witness's assertion of injury.*

*Id.,* 114 Pa.Commonwealth Ct. at 190, 538 A.2d at 616 (emphasis added).

We have held that, where "[t]here is no testimony that Appellee suffered any head injury that would make incapacity to make a knowing and conscious refusal obvious," the operator must "produce medical evidence to prove a nexus between the injuries he sustained and an inability to give a knowing and conscious refusal and he produced none, the trial court's finding is not supported by competent evidence." *Department of Transportation v. Derhammer,* 118 Pa.Commonwealth Ct. 364, 369, 544 A.2d 1132, 1134 (1988).

■ Groscost argues that the nature and extent of his injuries were severe, incapacitating and similar to those the driver sustained in *Day,* and therefore, no medical evidence was required to prove the nexus.[5]

The trial court found that Groscost's injuries were obvious and incapacitating, relying not only upon the hospital records of Groscost's five-day stay, but also on Corporal Kaye's testimony describing Groscost's physical state. Corporal Kaye testified that Groscost had a deep facial laceration 2½ to three inches long. As a result of the accident, the steering column was pushed forward, bent and covered with blood. In Corporal Kaye's opinion, the injuries were

5. "[Day] suffered multiple injuries including: a broken jaw, severe facial lacerations, a broken arm, an injured leg, and blows to the back of his head." *Day,* 93 Pa.Commonwealth Ct. at 52, 500 A.2d at 215.

Groscost testified that he had suffered a broken jaw, broken teeth, broken ribs, lacerations on his left arm and hand, bruises on his waist and torn cartilage. He also testified that his first memory of the accident is the day after he was taken to the hospital. (25a, 26a).

caused by Groscost's contact with the steering wheel and steering column.

DOT argues that Groscost's actions at the hospital, (i.e. talking to the nurse) negate any apparent inability to comply that he may have made. We do not agree.

Although the hospital records alone could not provide the necessary nexus between Groscost's injuries and his alleged inability to understand the consequence of his refusal to take the test, *Pothier v. Department of Transportation*, 98 Pa.Commonwealth Ct. 571, 511 A.2d 939 (1986), the trial court accepted as credible not only Groscost's testimony, but also Corporal Kaye's testimony describing the injuries.[6]

The trial court specifically found that Groscost's obvious injuries rendered him unable to make a knowing and conscious refusal. Furthermore, Groscost's inability to understand the effect of his refusal was not as a result of his alleged voluntary consumption of alcohol. *See Department of Transportation v. Cravener*, 135 Pa.Commonwealth Ct. 480, 483, 580 A.2d 1196, 1198 (1990) (citing *Department of Transportation v. Andrews*, 95 Pa.Commonwealth Ct. 338, 505 A.2d 412 (1986)). Based upon our review of the record, we hold that the trial court's findings are supported by substantial evidence.

We affirm.

## ORDER

We affirm the order of the Court of Common Pleas of Beaver County.

---

6. As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. *O'Connell*, 521 Pa. at 248, 555 A.2d at 875.