505 A.2d 412

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Stephen J. Andrews, Appellee.

Submitted on briefs February 3, 1986, to Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Thomas J. Ratchford, Jr., McHale & Clark,* for appellee.

OPINION BY JUDGE ROGERS, March 4, 1986:

This is the appeal of the Department of Transportation, Bureau of Traffic Safety (DOT) from an order of the Court of Common Pleas of Lackawanna County overturning DOT's order suspending the operating privileges of Stephen J. Andrews, appellee, for refusing to submit to a breathalyzer test pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). The appellee was arrested after, in the words of the arresting officer, he "hit a traffic island" with his vehicle and thereafter drove in an erratic fashion. The appellee was returning to his home from a social club where he had spent the evening dancing and drinking. The appellee admitted having had three or four alcoholic drinks. After arresting the appellee, the police officer requested the appellee to submit to a breathalyzer test and warned him that his license would be suspended if he refused. The appellee refused to submit to the test.

The appellee contended in the trial court hearing that he was incapable of knowingly and consciously refusing to submit to the test because he was under the influence of the combined effects of a patent al-

lergy and cold symptom decongestant antihistamine called Actifed *and of alcohol.*

To sustain a suspension under Section 1547(b) of the Vehicle Code, the Commonwealth must prove that the driver was (1) placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). The appellee concedes that these facts were proved in this case. However, one who has refused the test may successfully defend against a suspension by proving that he was incapable of knowingly and consciously refusing the test *(Waigand v. Commonwealth of Pennsylvania,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982)); *but not if his incapacity is the result of his voluntary ingestion of alcohol.* In *Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983), we held that proof of one's incapability to knowingly and consciously refuse the test brought about by voluntary ingestion of alcohol is no defense to a suspension founded upon such refusal. The appellee conceded that he had been drinking and asserted incapacity due to both Actifed pills and drink. The trial judge, in the course of discussion, found that "[the appellee] had two or three drinks over a period of some four hours and that the alcohol combined with the ingestion of drugs caused him to have this drowsiness and mixed up feeling." Hence, it is established that the appellee's condition was the result in part of his voluntary decision to drink; it follows that his defense fails. As Judge CRAIG wrote in *Walthour,* "Here the appellee—and no one else— knowingly and consciously created his own inability to comply, just as definitely as if he had clapped his hand over his mouth as a barrier to taking the breatha-

lyzer test when offered." *Walthour* at 55, 458 A.2d at 1067.

Order reversed.

## ORDER

AND Now, this 4th day of March, 1986, the order of the Court of Common Pleas of Lackawanna County is reversed, and the suspension imposed by the Department of Transportation is reinstated.