580 A.2d 1196

In re Appeal of Gene Phillip CRAVENER from Order of Director of Bureau of Traffic Safety Suspending his Motor Vehicle Privileges.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 1990.

Decided Oct. 15, 1990.

Timothy P. Wile, Asst. Counsel–In–Charge Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

David F. Megnin, Kittanning, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Pennsylvania Department of Transportation (DOT) appeals from an order of the Court of Common Pleas of Armstrong County, which sustained an appeal by Gene Phillip Cravener (Appellee) from a suspension of his operating privileges. Having reviewed the record in this matter, and applicable legal authority, we conclude that the trial court erred in reversing DOT's action and directing that Appellee's operating privileges be reinstated. Consequently, we reverse the order of the trial court.

By official notice dated July 29, 1986, DOT informed Appellee that his license was being suspended for 12 months, due to his refusal to voluntarily submit to a blood alcohol test upon request of a police officer.[1] Appellee appealed this suspension, and a *de novo* hearing was held on August 31, 1987, in common pleas court. A brief review of the facts will give a proper context for our discussion.

---

1. Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).

In the early morning hours of June 21, 1986, Appellee was involved in an incident where the vehicle he was operating struck another vehicle. Trooper Cacurak of the Pennsylvania State Police arrived at the accident scene, and found Appellee still seated in his vehicle. At this time, Trooper Cacurak noticed a strong odor of alcohol on Appellee's breath. (N.T. of 8/31/87, p. 5). He also observed that Appellee's coordination was poor, and that he had difficulty locating his wallet. (*Id.*). As to Appellee's physical condition, Trooper Cacurak testified that Appellee had a lump on his forehead, some blood on his face, and that his right eye was dilated. (*Id.*, pp. 4–5 and 9).

Appellee was transported to a hospital. Trooper Cacurak then made the decision to charge Appellee with driving under the influence. Appellee was placed under arrest, given implied consent warnings that refusal to submit to testing would result in a mandatory 12 month suspension of his license, and asked to submit to a blood test. Appellee made various verbalizations that were unresponsive to this request, and did not sign the consent form presented to him by Trooper Cacurak. (*Id.*, pp. 7–8). Appellee's mother later arrived at the hospital, and gave permission for a blood test to be performed. The test showed that Appellee's blood alcohol level was .299%. At this point, Trooper Cacurak determined to charge Appellee with a refusal to submit to testing and reported the same to DOT, resulting in DOT's suspension of Appellee's license.

Before this Court, DOT contends that it presented sufficient evidence to establish that Appellee refused to submit to chemical testing, citing the requirements necessary to prove such a claim as set forth in *Ostrander v. Department of Transportation*, 116 Pa.Commonwealth Ct. 243, 541 A.2d 441 (1988).[2] In his brief, Appellee concedes that

**2.** In *Ostrander*, we held that, in order to sustain its burden of proof of a licensee's refusal to submit to chemical testing, it was necessary for DOT to establish that: (1) the licensee was placed under arrest for the charge of driving while intoxicated, and the arresting officer had reasonable grounds to believe that the licensee was driving while

DOT has met its burden of proving a refusal to submit to such testing. However, Appellee contends that he has presented sufficient evidence to establish that he was mentally incapable of making a knowing and conscious refusal at the time he was requested to submit to a blood test due to a combination of his alcohol consumption *and* the effects of physical neurological trauma he sustained in the automobile accident.

Appellee submitted into evidence before the trial court the deposition testimony of Dr. Khalid Malik, a specialist in internal medicine. Following the accident, Appellee was hospitalized for three days (June 21–24, 1986), and Dr. Malik was his treating physician during this time. Dr. Malik was not present in the emergency room when Appellee was brought in, and did not see him until the next morning. However, Dr. Malik did review the records concerning Appellee's condition at the time of his admission. Dr. Malik testified on direct examination that Appellee was confused, and unable to cooperate in performing various medical tests because he was unable to comprehend what he was being asked to do. (Deposition, pp. 5–6). It was Dr. Malik's opinion that this behavior resulted from a combination of Appellee's alcohol consumption and the head injuries he sustained; that both contributed to Appellee's state of mind. (*Id.*).

The trial court determined that this evidence was sufficient to establish that Appellee was mentally incapable of making a knowing and conscious refusal to submit to a blood alcohol test at the time the request was made. We find this conclusion to be in error.

In *Department of Transportation v. Andrews*, 95 Pa. Commonwealth Ct. 338, 505 A.2d 412 (1986), this Court held that a defense to a license suspension based upon a licensee's inability to make a knowing and conscious refusal of a chemical test will not be successful if the licensee's incapacity is the result of his voluntary consumption of alcohol.

intoxicated; (2) the licensee was asked to submit to a breathalyzer test; and (3) he refused to do so.

Summarizing the evidence presented by the appellee in *Andrews,* we stated, "Hence, it is established that the appellee's condition was the result *in part* of his voluntary decision to drink; it follows that his defense fails." *Id.,* 95 Pa.Commonwealth Ct. at 340, 505 A.2d at 413 (emphasis added).

■ Appellee attempts to distinguish *Andrews* from the present case, noting that Andrews' inability derived from a combination of his voluntary consumption of both alcohol and a non-prescription medication. Appellee contends that consumption of alcohol with other sufficient conditions to cause mental incapacity, such as the head injuries he sustained here, should not negate the defense. However, the language of *Andrews* indicates, and we here hold, that if a licensee's self-inflicted condition due to his voluntary consumption of alcohol is a factor which contributes to rendering him mentally incapable of making a knowing and conscious refusal to submit to chemical testing, the defense must fail.[3]

■ The medical testimony offered by Appellee supported a finding that his mental condition at the pertinent time resulted from a combination of the effects of his consumption of alcohol, and head injuries he sustained in the accident. Thus, the evidence established that Appellee's inability to consent to chemical testing was due in part to his voluntary consumption of alcohol.

Under these circumstances, the trial court should have found that Appellee was unable to avail himself of the defense that he was incapable of making a knowing and conscious refusal to submit to testing, and sustained DOT's action in suspending his license. Therefore, we reverse the order of the trial court, which sustained Appellee's appeal, and direct that DOT's suspension of Appellee's license be reinstated.

**3.** This Court has not, as of this date, created any exceptions to our holding in *Andrews* which would support Appellee's contention, and we decline to do so here.

## ORDER

AND NOW, October 15, 1990, the order of the trial court in the above-captioned matter is hereby reversed, and the suspension of Appellee's operating privileges previously imposed by Appellant, the Pennsylvania Department of Transportation, is reinstated.