596 A.2d 1269

**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

v.

**Susan Ann MONSAY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 1991.

Decided Aug. 23, 1991.

Marc A. Werlinsky, Asst. Counsel, for appellant.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the July 30, 1990 order of the Court of Common Pleas of Delaware County which sustained the appeal of Susan Ann Monsay (Monsay) from a one-year suspension of her operating privileges for refusal to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code (Code), *as amended,* 75 Pa. C.S. § 1547(b).[1]

The record shows that on October 25, 1989, at approximately 9:00 p.m., Officer Michael Castagliuolo of the Morton Borough Police Department responded to an accident which involved the vehicle driven by Monsay and a paramedic unit vehicle. Upon approaching Monsay's vehicle, Officer Castagliuolo detected an odor of alcohol about Monsay and that her speech was impaired. Monsay was unable to exit her vehicle without assistance and could not perform several field sobriety tests. Also, she was excited and disoriented. The officer placed Monsay under arrest for driving under the influence of alcohol and requested that

1. This matter has been submitted only on DOT's brief pursuant to this Court's order dated May 3, 1991 which precluded Monsay from filing a brief for failure to comply with this Court's previous directive to file a brief.

she submit to a blood test after giving Monsay the implied consent warning. Monsay refused to submit to testing and was taken to the police station. N.T., pp. 4–6, 8.

At hearing, Monsay admitted that she consumed three glasses of wine within a three-hour period prior to the accident. She further testified that she did not recall the officer's request for testing or his warning; that she had been under the psychiatric care of several doctors for the past four years; and that during the morning on the date of the accident, she took two prescription anti-depressants, Prozac and Klonopin. N.T., pp. 16–18, 20, 30–31. Monsay's expert witness, Dr. Neal Gansheroff, a psychiatrist, who has treated Monsay since April 1989, described her condition as a borderline personality disorder which affected her everyday ability to function properly. She has difficulty in intense interpersonal involvement and experiences periods when she becomes panicky and anxious. Dr. Gansheroff stated that the medicines which Monsay took would still have been in her system at the time of her arrest and that generally, one should not drink after taking these medicines because it can make one drowsy. N.T., pp. 36, 38–39, 47–48.

On appeal to this Court, DOT contends that the trial court erred in concluding that Monsay sustained her burden of proof to show her incapacity to make a knowing and conscious refusal to submit to testing. There is no dispute that DOT proved the four elements required pursuant to Section 1547 of the Code. Monsay was therefore required to present competent unequivocal medical testimony to support the contention that her psychiatric disorder made her incapable of making a knowing and conscious refusal since her alleged inability to comply was not obvious. *Department of Transportation, Bureau of Driver Licensing v. Peck*, 132 Pa.Commonwealth Ct. 509, 573 A.2d 645 (1990). After a review of the record and applicable case law, this Court concludes that the trial court's findings are not supported by substantial evidence and that its decision must therefore be reversed.

■ This court's scope of review of the trial court's decision in a license suspension case is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989); *Cartwright v. Commonwealth,* 138 Pa.Commonwealth Ct. 325, 587 A.2d 909 (1991).

■ The trial court relied upon Dr. Gansheroff's testimony to support its finding that the stressful situation of an automobile accident and subsequent arrest triggered Monsay's borderline personality disorder preventing her from making a knowing and conscious refusal. Dr. Gansheroff, on direct examination, stated that persons suffering from a borderline personality disorder generally react poorly under emotionally stressful situations. However, Dr. Gansheroff could not render his opinion with medical certainty that Monsay's psychiatric disorder alone actually prevented her from making a knowing and conscious refusal in this case. In response to a hypothetical question, Dr. Gansheroff stated as follows:

> Q. Okay, doctor.... I'm going to give you a hypothetical, doctor, and I want you to answer the question please. We're assuming we have someone with the same exact symptoms, same exact mental condition as Susan Monsay who was involved in an accident, perhaps with some alcohol in her system. The police respond with marked police cars and police lights. It's the same exact condition that Susan Monsay would have under the same exact situation that you're familiar with which happened that day. Doctor, are you able to state an opinion within a degree of reasonable medical certainty on these facts whether a person under conditions—under these conditions could be incapable of making a knowing and intelligent refusal of a request to take a medical test—a chemical test?

A. I think it's reasonably certain that this person *would have such a capability.* Not necessarily but opposed to the average person, they would be far less likely to respond appropriately than someone without that disorder.

N.T., pp. 43–44. (Emphasis added.) It is obvious that Dr. Gansheroff's testimony failed to unequivocally establish Monsay's incapacity to make a knowing and conscious refusal and therefore does not represent competent medical testimony to support the trial court's finding.

 Further, the trial court's conclusion that Monsay's admitted consumption of alcohol was not a contributing factor to her alleged inability to make a knowing and conscious refusal is contrary to the evidence. Dr. Gansheroff testified that although he could not be positive, the alcohol probably played a "minor" role in her inability to make a knowing and conscious refusal and that although he had never observed Monsay after her alcohol consumption and had no firsthand knowledge of her reaction, it "could have been" a contributing factor to her behavior at the time of the arrest. N.T., pp. 59–60. "If a licensee's self-inflicted condition due to his voluntary consumption of alcohol is a factor which contributes to rendering him mentally incapable of making a knowing and conscious refusal to submit to chemical testing, the defense must fail." *Appeal of Cravener,* 135 Pa.Commonwealth Ct. 480, 484, 580 A.2d 1196, 1198–99 (1990).[2] Since the evidence established that Monsay's alleged inability to make a knowing and conscious refusal was due in part to her voluntary consumption of alcohol, Monsay's defense must likewise fail.

The order of the trial court is reversed.

PELLEGRINI, J., dissents.

2. *See also Department of Transportation, Bureau of Traffic Safety v. Andrews,* 95 Pa.Commonwealth Ct. 338, 505 A.2d 412 (1986) wherein this Court rejected the licensee's contention that he was incapable of a knowing and conscious refusal to submit to testing due to the combined effects of an allergy and cold symptom decongestant antihistamine and alcohol consumption because the evidence established that his condition was the result in part of a voluntary decision to drink.

## ORDER

AND NOW, this 23rd day of August, 1991, the order of the Court of Common Pleas of Delaware County dated July 30, 1990 is reversed, and the license suspension imposed by the Department of Transportation, Bureau of Driver Licensing, is hereby reinstated.