732 A.2d 1157

**Marshall R. BARBOUR, Appellant,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided May 20, 1999.

190

Martin W. Sheerer, Pittsburgh, for Marshal R. Barbour.

Timothy P. Wile, Harold H. Cramer, Harrisburg, for Penndot.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CAPPY, Justice.

The issue presented to this court is what constitutes "competent medical evidence" sufficient to show that a driver's medical condition which was unrelated to consumption of alcohol rendered the driver's refusal to undergo chemical testing unknowing. For the reasons which follow, we reverse the judgment of the Commonwealth Court.

Marshall Barbour (Appellant) was involved in a one-car accident. He was immediately transported to a hospital where he underwent surgery. Prior to Appellant being taken into surgery, the arresting officer asked Appellant to provide a blood sample for chemical testing and warned Appellant that his refusal to do so would result in a one-year suspension of his driver's license. Appellant refused to submit to the test.

The Department of Transportation subsequently notified Appellant that his license had been suspended. Appellant appealed this suspension to the trial court. Appellant submit-

ted the deposition testimony of Dr. Scott Celin, a physician who specializes in facial trauma and facial reconstruction. (Deposition of Dr. Scott Celin, dated April 10, 1996.) In his deposition, Dr. Celin stated that Appellant had sustained serious injuries in the accident, including penetration by a blunt object which entered his face to the left of his mouth, through the nasal cavity and into the rear of the right eye socket. *Id.* at 9. The object penetrated Appellant's head a distance of six inches and caused multiple fractures. *Id.* at 10. These injuries were so severe that Dr. Celin likened them to a gunshot wound. *Id.* Also, Dr. Celin noted Appellant was probably rendered unconscious by the injuries, and that he suffered from amnesia after the accident. Finally, Dr. Celin opined that within a reasonable degree of medical certainty, it was his opinion that Appellant would not have been able to comprehend questions presented to him immediately after the accident, the time period when the arresting officer asked Appellant to submit to testing. *Id.* at 13. On cross examination, Dr. Celin did state that when he examined Appellant six or seven hours after the accident, part of Appellant's cognitive impairment was due to the ingestion of alcohol. *Id.* at 17. On re-direct, however, Dr. Celin testified that in his experience, patients who have sustained facial trauma "are just in a foggy state of mind whether or not they've been intoxicated." *Id.* at 21. Dr. Celin therefore concluded that it was his medical opinion that Appellant, suffering from these injuries, would not be able to give a knowing waiver of the test. *Id.*

The trial court initially ordered Appellant's appeal dismissed. Appellant then filed a petition for reconsideration. This order was granted, and by order dated October 24, 1996, the trial court granted Appellant's appeal.

DOT appealed. The Commonwealth Court reversed, finding that Appellant failed to show by competent medical testimony that his injuries rendered him incapable of making a knowing and conscious refusal. *Barbour v. Commonwealth, Dept. of Transportation,* 701 A.2d 990, 992 (Pa. Commw.Ct.1997). Appellant filed a petition for allowance of appeal with this court and we granted review.

■ In reviewing a determination in a license suspension case, our scope of review is limited. We are allowed to reverse only where we find that the findings of fact are not supported by competent evidence, an error of law has been committed, or a lower court has abused its discretion. *Commonwealth, Dept. of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

■ In a license suspension case, the burden of proof is placed first on the Commonwealth. In order to meet its burden, "the Commonwealth must establish that the driver involved: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to chemical testing; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license." *Commonwealth, Dept. of Transportation v. Ingram*, 538 Pa. 236, 648 A.2d 285, 293 (1994). If the Commonwealth meets its burden on all four of these prongs, then the burden shifts to the licensee to prove that he was not capable of making a knowing and conscious refusal to take the test. *Id.* The determination of whether a licensee was able to make a knowing and conscious refusal is a factual one which is to be made by the trial court. *O'Connell*, 555 A.2d at 876. Such a factual finding must be affirmed as long as sufficient evidence exists in the record to support the finding. *Id.*

In this matter, it is uncontested that the Commonwealth met its burden of proof as to the four *Ingram* prongs. The only issue presented is whether Appellant had established that he had been unable to make a knowing and conscious refusal to take the test. The Commonwealth Court has held that where the Commonwealth has established the four *Ingram* factors that a licensee may prevent his license from being suspended only if he can establish by "competent medical evidence" that a medical condition, unrelated to the consumption of alcohol, rendered his refusal unknowing. *See Commonwealth, Dept. of Transportation v. Peck*, 132 Pa.Cmwlth. 509, 573 A.2d 645, 647 (1990). Over the years, the Commonwealth Court has refined its interpretation of what constitutes "competent medical evidence" in this arena so that it now

requires that the expert medical testimony must be certain and essentially without doubt in order for it to be sufficient to establish that the licensee's refusal was unconscious and unknowing. *See, e.g., Plotts v. Commonwealth, Dept. of Transportation,* 660 A.2d 133 (Pa.Commw.Ct.1995) and *Commonwealth, Dept. of Transportation v. Monsay,* 142 Pa.Cmwlth. 163, 596 A.2d 1269 (1991). It was this standard which the court below applied in the matter *sub judice.*

We find that this standard is a deviation from the norm. Traditionally, for medical evidence to be deemed competent, a litigant's expert witness need only tender an opinion with a *reasonable degree* of medical certainty. *See Mitzelfelt v. Kamrin,* 526 Pa. 54, 584 A.2d 888 (1990). We find that this standard is far better adapted to the realities of the practice of medicine than is the standard developed by *Plotts* and *Monsay.* Medicine is an art, the practice of which is dependent upon computing probabilities rather than ascertaining absolute certainties. Requiring a physician to deliver an absolute opinion on a medical question ignores the nature of medicine. Thus, we find that the "reasonable degree of medical certainty" standard is applicable in the license revocation arena, and therefore determine that the Commonwealth Court erred as a matter of law when it imposed the more onerous standard as developed by *Plotts* and *Monsay.*

We now examine the record to determine whether there is sufficient evidence to support the trial court's determination that Appellant was incapable of making a knowing and conscious refusal.[1] *O'Connell, supra.* The evidence introduced at trial established that Appellant sustained multiple fractures to his head due to blunt force trauma. These injuries were so severe that Appellant's medical expert likened them to a gun shot wound. Furthermore, Appellant probably lost consciousness after the accident and suffered from amne-

1. At this juncture, we could remand this matter to the Commonwealth Court for it to apply the proper standard. For the sake of judicial economy, however, we will examine whether the trial court erred in granting Appellant's appeal. *See Hainsey v. Commonwealth,* 529 Pa. 286, 602 A.2d 1300 (1992)

sia. In his deposition testimony, Appellant's physician opined that, within a reasonable degree of medical certainty, Appellant's injuries made him incapable of rendering a conscious and knowing refusal. Although Appellant's physician acknowledged that part of Appellant's impairment six or seven hours after the accident was due to the ingestion of alcohol, he concluded that patients who have sustained facial trauma after their accident "are just in a foggy state of mind whether or not they've been intoxicated." Dr. Celin's Deposition Testimony at 21. Dr. Celin therefore concluded that it was his medical opinion, within a reasonable degree of medical certainty, that Appellant would not be able to give a knowing waiver of the test because he was suffering from these injuries. *Id.* We find that this evidence is sufficient to support the trial court's finding that Appellant's serious head injuries rendered him incapable of making a knowing and conscious refusal of the test.

For the foregoing reasons, we reverse the order of the Commonwealth Court and reinstate the order of the trial court.