**PennDOT v. Boglin**

C P. of Philadelphia County, November Term 2008 no. 0274

*Reginald H. Boglin,* pro se.
*Marc A. Werlinsky,* for appellee.

ROGERS, *J.,* January 20, 2010—The appellee, Reginald H. Boglin, was officially notified by the Bureau of Driver Licensing of the Commonwealth of Pennsylvania that it was suspending his privilege to operate a motor vehicle because of his conviction for "driving under the influence" (DUI). In response to that action, Mr. Boglin appealed the suspension of his driver's license.

That appeal to the Bureau of Driver Licensing by Mr. Boglin was dismissed by this court on January 13, 2009, because of Mr. Boglin's failure to appear at the hearing. (N.O.T., appeal hearing, January 13, 2009, p. 2.) However, on that same date, this court reinstated Mr. Boglin's driver's license and rescheduled the appeal hearing, by agreement of all parties, to April 16, 2009. (N.O.T., appeal hearing, August 6, 2009, p. 5.) The matter was continued again on April 16 to July 7, 2009 when the Honorable Sandra Mazer Moss reconsidered the original January 13 order, and vacated the dismissal of Mr. Boglin's appeal.

On August 6, 2009, the matter was again before Judge Moss who continued it to August 20, 2009, in order to rule on the appellant's motion to reinstate the original dismissal of the appeal. Judge Moss denied that motion on August 20, and ruled that because this court had already denied reconsideration of its reinstatement of the appeal by Mr. Boglin, she was also denying appellant's reconsideration motion.

Counsel for the appellant stated to Judge Moss at that hearing that he had become aware of the fact that this court had denied its motion for reconsideration.

"The Court Crier: The next case is Boglin versus PennDOT.

"The Court: Oh, there it is. Judge Rogers denied reconsideration, so this case is moving. This has been here like five times.

"Mr. Werlinsky: I found that out this morning, your honor. Commonwealth does not intend at this point to proceed with the case. The matter is up—you know, whatever the court decides to do." (N.O.T., appeal hearing, August 20, 2009, p. 3.)

PennDOT filed a timely notice of appeal on September 16, 2009 from that order to the Commonwealth Court of Pennsylvania.

Appellant first argues that Judge Moss erred when vacating the January 13 order by way of her July 7 order, because the first order was a "final order" where the appeal period had expired and where there were no "extraordinary circumstances." *Ainsworth v. PennDOT*, 807 A.2d 933 (Pa. Commw. 2002). Appellant also argues that Judge Moss erred in sustaining Mr. Boglin's appeal on August 20, 2009, because the court lacked "subject matter jurisdiction", and that it "constituted an improper modification or reconsideration of a final order." *Barbour v. PennDOT*, 701 A.2d 990 (Pa. Commw. 1997), *reversed on other grounds*, 557 Pa. 189, 732 A.2d 1157 (1999).

None of the above case law is applicable to the instant case, because the appellant is contesting the rulings of

Judge Moss who had no authority to overrule the orders of this court, because they are judges of concurrent jurisdiction. This point was conceded by counsel for appellant at the August 20 hearing, despite his present arguments.

"Mr. Welinsky: Your honor, if I just may for for the record. Commonwealth does stand behind the averments made in its motion for reconsideration, and it is the Commonwealth's position, although I know this court cannot in any way undo Judge Rogers' order, that the court does not have subject matter jurisdiction.

"The Court: As I said, Judge Rogers has undone Judge Rogers' order.

"Mr. Werlinsky: Understood.

"The Court: And he has denied reconsideration. So if the Commonwealth does appeal, it's really that order because at this point I am bound by his order.

"Mr. Werlinksy: That is correct.

"The Court: And accordingly I am going forward with the case. So as I said, if you want to appeal, then you may appeal his order. I am going to sustain the appeal." (N.O.T., appeal hearing, August 20, 2009, p. 3.)

This court had the authority to reconsider and vacate its January 13, 2009 order that dismissed Mr. Boglin's appeal. Once this court entered that subsequent order, Judge Moss had no subject matter jurisdiction, and appellant has no basis for appealing her judgment. Therefore, based upon all of the foregoing facts and applicable law, the appellant's appeal to the Commonwealth Court should be denied.